183 U.S. 249 (1902)
GREENE
v.
HENKEL.
Supreme Court of United States.
Argued November 26, 27, 1901.
Decided January 6, 1902.
APPEAL FROM THE UNITED STATES CIRCUIT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.
*257 Mr. David B. Hill for appellants. Mr. L. Laflin Kellogg, Mr. Abram J. Rose and Mr. Alfred C. Pette were on his brief.
Mr. Marion Erwin and Mr. Solicitor General for appellee.
MR. JUSTICE PECKHAM, after making the above statement of facts, delivered the opinion of the court.
It will be noted that the proceeding leading up to the warrant for the removal of the defendants to Georgia for trial was inaugurated in the Southern District of New York by the sworn deposition of an assistant of the United States district attorney for the Southern District of New York, in which deposition it was alleged that an indictment had been found against the defendants in the United States District Court in Georgia, a certified copy of which indictment was attached to and made a part of the deposition. Upon the written charge thus made, the United States commissioner in New York issued his warrant for the arrest of the defendants, who upon being notified immediately appeared before him and an examination was proceeded with. Upon this examination the commissioner refused to receive evidence offered by the defendants tending to show a want of probable cause, and held that the certified copy of the indictment found in the District Court of Georgia was conclusive evidence of probable cause, and accordingly made an order committing the defendants to the custody of the marshal until a warrant for their removal should issue by the United States District Judge for the Southern District *258 of New York. Upon application to the District Judge for such warrant he held that the indictment was not conclusive evidence of probable cause, and sent the case back to the commissioner, (United States v. Greene, 100 Fed. Rep. 941,) to hear evidence on that subject. On subsequent hearings before the commissioner evidence pro and con as to probable cause was given and also as to the drawing of the grand jury, and that officer decided that "after full and fair examination touching the charges in the annexed warrant named, it appears from the testimony offered that there is probable cause to believe the defendants guilty of the charges therein contained." And he thereupon for the second time committed the defendants to the marshal's custody to await a warrant of removal to be signed by the District Judge. When the application for the warrant of removal was made to that judge he held that a proper case was made out, and signed the order for removal.
From these facts it is apparent that the question is not before us whether the finding of an indictment is in a proceeding under section 1014 of the Revised Statutes conclusive evidence of the existence of probable cause for believing the defendant in the indictment guilty of the charge therein set forth. The District Judge in this case held that it was not, and sent the case back to the commissioner, before whom evidence was thereafter taken upon the subject, and a decision arrived at after considering all the evidence in the case. We are not, therefore, called upon to express an opinion upon the question. Upon all the evidence taken before the commissioner he has found that probable cause existed. We think that a fair interpretation of the language used by the District Judge in granting the application for the warrant of removal shows beyond question that, from the evidence taken before the commissioner, the judge was of opinion that there existed probable cause, and that the defendants should therefore be removed for trial before the court in which the indictment was found.
When the judge refers to the testimony taken before the commissioner, although he does in terms say that he expresses no opinion upon the merits, yet he states that upon the evidence before him, it is a proper case to be submitted to a jury for *259 trial. That is in effect a finding of probable cause, which is not necessarily a finding that the persons charged are guilty. The meaning to be gathered from the language of the judge is that while there is evidence on the part of the Government tending to show the guilt of the accused, there is also evidence on the part of the defendants tending to show their innocence, and that the determination of the question in such a complicated case should properly be left to a jury. He says that he has carefully considered the very extended briefs and arguments of counsel and has examined the voluminous evidence with a view of ascertaining whether there was competent evidence before the commissioner sufficient in itself to sustain his finding of probable cause, and he, in substance, finds there was, and grants a warrant for the removal of the defendants. This is perfectly consistent with the further statement made by him that he did not express any opinion whatsoever on the merits of the case. That is, he did not express an opinion whether upon all the evidence the defendants ought to be convicted or acquitted of the charge. He was not called upon to do so. It was sufficient, if all the evidence being taken into account, there existed such probable cause for believing the defendants guilty as to warrant their removal for trial of the offence charged. This is not expressing an opinion upon the merits, although the language of the judge is sufficient as expressing the existence of probable cause against the defendants.
The evidence which was taken before the commissioner and which was before the District Judge upon the question of the existence of probable cause was not annexed to the petition and forms no part of the proceeding before the Circuit Court upon the application for the writ of habeas corpus. Whether that evidence was or was not sufficient for the commissioner to base his action upon or for the District Judge to approve, was not a question before the Circuit Judge, and is not before this court. We must assume, in the absence of the evidence taken before the commissioner and approved by the District Judge, that their finding of probable cause was sustained by competent evidence, bearing in mind also that on this proceeding the court *260 would not in any event look into the weight of evidence on that question.
It is urged, however, that the offence charged, and upon which defendants are to be removed, is that which is contained in the indictment only, and if the indictment be insufficient for any reason, that then there is no offence charged for the trial of which the defendants can properly be removed to another district.
It is not a condition precedent to taking action under section 1014 of the Revised Statutes that an indictment for the offence should have been found. Price v. McCarty, 89 Fed. Rep. 84; Circuit Court of Appeals, Second Circuit, June, 1898. In this case there was a sworn charge prima facie showing the commission of an offence against the United States, cognizable by the District Court of the United States for the Southern District of Georgia. To substantiate the charge a certified copy of an indictment found in the Georgia court was produced, and in addition evidence was given before the commissioner which, as he found, showed probable cause for believing that the defendants were guilty of the offence charged in his warrant. If there were any uncertainty or ambiguity in the indictment, the evidence given upon the hearing before the commissioner may have cleared it up. We cannot assume that it did not, and on the contrary, if such uncertainty in the indictment did exist, we must assume that the evidence did clear up such uncertainty, or otherwise the commissioner would not have granted his warrant for removal, nor would his decision have been approved by the District Judge.
The finding of an indictment does not preclude the Government under section 1014 from giving evidence of a certain and definite character concerning the commission of the offence by the defendants in regard to acts, times and circumstances which are stated in the indictment itself with less minuteness and detail, and the mere fact that in the indictment there may be lacking some technical averment of time or place or circumstance in order to render the indictment free from even technical defects, will not prevent the removal under that section, if evidence be given upon the hearing which supplies such defects *261 and shows probable cause to believe the defendants guilty of the commission of the offence defectively stated in the indictment. It follows also that a decision granting a removal under the section named, where an indictment has been found, is not to be regarded as adjudging the sufficiency of the indictment in law as against any objection thereto which may subsequently be made by the defendants. That is matter for the tribunal authorized to deal with the subject in the other district. We do not, however, hold that when an indictment charges no offence against the laws of the United States, and the evidence given fails to show any, or if it appear that the offence charged was not committed or triable in the district to which the removal is sought, the court would be justified in ordering the removal, and thus subjecting the defendant to the necessity of making such a defence in the court where the indictment was found. In that case there would be no jurisdiction to commit nor any to order the removal of the prisoner.
Upon this writ the point to be decided is, whether the judge who made the order for the removal of the defendants had jurisdiction to make it, and if he had, the question whether upon the merits he ought to have made it is not one which can be reviewed by means of the writ of habeas corpus.
Jurisdiction upon that writ in such a proceeding as this does not extend to an examination of the evidence upon the merits. The matter for adjudication is similar to that which obtains in cases of international extradition. In such case, if there is competent legal evidence on which the commissioner might base his decision, it is enough, and the decision cannot be reviewed in this way. Bryant v. United States, 167 U.S. 104. There must be some competent evidence to show that an offence has been committed over which the court in the other district had jurisdiction and that the defendant is the individual named in the charge, and that there is probable cause for believing him guilty of the offence charged.
We do not think that under this statute the commissioner would be warranted in taking evidence in regard to the organization of the grand jury which found the indictment, as claimed by the defendants. The indictment is valid on its face; *262 purports to have been found by a grand jury acting in fact as such at a regular term of a District Court of the United States, presided over by one of its judges and hearing testimony in the ordinary way. In our opinion, such an indictment is prima facie good, and when a copy of it is certified by the proper officer, a magistrate, acting pursuant to section 1014 of the Revised Statutes, is justified in treating the instrument as an indictment found by a competent grand jury, and is not compelled or authorized to go into evidence which may show or tend to show violations of the United States statutes in the drawing of the jurors composing the grand jury which found the indictment.
We agree with the District Judge, that matters of that nature are to be dealt with in the court where the indictment is found, and we intimate no opinion upon the merits of those questions. Whether the defendants have waived the right to raise them, or whether they could waive the same, are also questions that are not before us. They must be raised before and decided by the United States court sitting in the Southern District of Georgia, in the first instance, and we express no opinion as to their validity.
We do not think that by this order of removal the constitutional rights of the defendants are in any wise taken from them. The provision that no person may be held to answer for an infamous crime unless upon the presentment or indictment of a grand jury is not violated or infringed. If this so-called indictment be void for the reasons alleged, the place to set up its invalidity is the court in which it was found. The provision is certainly not violated when, under a proceeding such as this upon a sworn complaint and upon evidence under oath which both magistrates have found to amount to probable cause, an order has been made for removing the defendants to the court within whose jurisdiction the offence is charged to have been committed and where all the defences of the parties may be set forth in due and orderly manner and the judgment of the court obtained thereon.
The order denying the application for the writ, is
Affirmed.