## UNITED STATES v. NESLE.

(District Court, S. D. Florida. July 3, 1924.)

No. 2162.

1. **Criminal law ⊚⇒242(1)—Rule as to removal of accused to other district for trial stated.**

To authorize removal of a federal prisoner to another district for trial there must be competent evidence to show that an offense has been committed over which the court in the other district has jurisdiction, that defendant is the individual named in the charge, and that there is probable cause for believing him guilty of the offense charged.

2. **Criminal law ⊚⇒242(5)—In proceedings for removal of accused for trial, indictment is prima facie evidence of probable cause.**

In proceedings for removal of an accused to another district for trial, an indictment is prima facie evidence of probable cause.

3. **Criminal law ⊚⇒242(8)—Question of immunity not considered in proceedings for removal of defendant to another district for trial.**

The question whether a defendant is entitled to immunity from prosecution is one to be determined by the trial court, and may not be raised or considered in proceeding for his removal to another district for trial.

On motion of the United States for an order for removal of Charles H. Nesle to another district for trial. Order granted.

Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla.

M. S. Bobst, of Miami, Fla., for defendant.

CALL, District Judge. This cause comes on for a hearing upon the motion of the government for an order of removal of the defendant to the Eastern division of the Southern district of Georgia for trial on three indictments there pending.

By agreement one hearing was had before the United States commissioner on the three indictments and the testimony was taken. This testimony was certified. Copies of the three indictments, one witness for the government, and some three witnesses for the defendant, including the defendant, were taken before the commissioner. During the taking of testimony the defendant, as a basis for the claim of immunity under section 30, title 2, of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138½q), testified that he had been subpoenaed as a witness and testified before the grand jury in relation to charges against the parties with whom he was charged with conspiracy to violate the Volstead Act, and from whom he was charged in the other two indictments to have received money. The identity of the defendant was admitted. The commissioner found there was probable cause and remanded the defendant to the custody of the United States marshal. It is upon this finding that the motion for removal is made.

[1] The defendant insists there was no probable cause, and that he is entitled to immunity under section 30, title 2, of the Volstead Act, if there is probable cause. It is settled law that there must be some competent evidence to show that an offense has been committed over which the court in the other district had jurisdiction, that the defendant is the individual named in the charge, and that there is probable cause

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for believing him guilty of the offense charged.   Green v. Henkel, 183 U. S. 261, 22 Sup. Ct. 218, 46 L. Ed. 177.

[2] It is also settled law that the indictment is prima facie evidence of the existence of probable cause.   Beavers v. Henkel, 194 U. S. 73, 24 Sup. Ct. 605, 48 L. Ed. 882.   The finding of probable cause is a judicial action by the District Judge before making the order of removal.   Taking into consideration the prima facie effect of the certified copies of indictments filed before the commissioner and the oral evidence of witnesses sworn and testifying before him, I am of opinion that there is probable cause.   The identity of the defendant having been admitted and the several indictments charging offenses over which the United States District Court for the Eastern Division of the Southern District of Georgia has jurisdiction, there remains nothing for me to do but grant the order of removal, unless the contention of the defendant that he is immune under section 30 of title 2 of the Volstead Act is to be considered by me at this hearing.

[3] This is not a trial to ascertain the question of guilt vel non. That question must be determined in the trial court; and it is the trial court which must determine the question of immunity.   I· have considered carefully the cases cited in the brief of defendant's attorney on this question, and am of opinion that that question must be raised in the trial court, and will not be considered on the question of probable cause.   It is a matter of defense in the trial court, to be raised by plea or other proper defense.

The motion for order of removal will be granted.