## UNITED STATES v. KREVITT et al.

(District Court, D. New Jersey.    September 8, 1925.)

**1. Criminal law ⬤⇒242(7)—On removal proceedings, government may offer evidence of probable cause to support indictments.**

Under Rev. St. § 1014 (Comp. St. § 1674), in proceedings by the government for the removal of defendants to another district for trial, the government is not precluded from offering evidence on question of probable cause to substantiate amended indictments.

**2. Criminal law ⬤⇒242(7)—Removal to other district for trial not denied because of evidence that defendant was not at places alleged at times alleged.**

Denial of removal of defendants for trial under conspiracy indictment to district in which it was returned is not required by evidence merely that defendant was not physically in the places specified on the days specified in the indictment.

Criminal prosecution by the United States against Sam Krevitt and others. On petition of the United States for removal of defendants to the Eastern division of the Southern district of Georgia for trial. Petition granted, except as to defendant J. Kleinberg.

Charles E. Donnelly, Asst. U. S. Atty., of Savannah, Ga., and Richard C. Plumer, Asst. U. S. Atty., of Newark, N. J.

George E. Cutley, of Jersey City, N. J., for defendants.

RUNYON, District Judge. The government asks herein for the removal to Georgia

from the district of New Jersey of certain citizens of Hoboken, being the above-named defendants, all of whom are charged by the federal grand jury of the Southern district of Georgia in the various indictments returned by that body with having conspired to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) in possessing, transporting, shipping, etc., certain intoxicating liquors, fit for beverage purposes, and containing more than one-half of 1 per cent. of alcohol.

These defendants were brought before the United States commissioner in Hoboken, who, as the result of proceedings then and there had, found that the defendants were properly identified, and that there was probable cause for their removal to the Southern district of Georgia. In this court there have been two hearings: The first one based upon the indictments as originally found and in connection with which testimony was taken before the commissioner in Hoboken; and a second one, held after new indictments, designed to overcome technical objections to the form and substance of the original indictments, had been returned by the Georgia grand jury. These amendments, as contained in the new indictments, simply supply detailed averments as to the alcoholic content of the intoxicating liquors, known as whisky, gin, etc., and their fitness for beverage purposes, but do not otherwise vary the substantive portions of the original indictments or render abortive the essence of the testimony taken before the commissioner in the original instance, supplemented as it is by testimony adduced subsequent to the return of the new indictments.

In reviewing the proceedings already had and reading carefully the testimony offered, I am of the opinion that the government's contention is justified and that the petition for the removal of the defendants herein should succeed, except as to the defendant Kleinberg, whose connection with any of the parties defendant does not appear to me to have begun until the purposes of the conspiracy alleged in the indictments had been completed, and who is therefore answerable for that which he is alleged to have done to the district of New Jersey rather than that of Georgia.

The two main questions involved are those of the sufficiency of the indictments and the identification of the defendants, and to my mind the government has satisfactorily met this twofold test, and so established a prima facie case. In addition thereto, the government has elected to offer testimony bearing upon the question of probable cause, and through this action, not only buttresses the strength of its position, but gives the court a much more complete conception of the situation as a basis for its findings.

[1] That such procedure is founded upon the sanction of high authority is seen in the following extract from the court's opinion in Greene v. Henkel, 183 U. S. 249, 22 S. Ct. 218, 46 L. Ed. 177:

"The finding of an indictment does not preclude the government under section 1014 [Rev. St., being Comp. St. § 1674] from giving evidence of a certain and definite character concerning the commission of the offense by the defendants in regard to acts, times and circumstances which are stated in the indictment itself with less minuteness and detail, and the mere fact that in the indictment there may be lacking some technical averment of time or place or circumstance in order to render the indictment free from even technical defects, will not prevent the removal under that section, if evidence be given upon the hearing which supplies such defects and shows probable cause to believe the defendants guilty of the commission of the offense defectively stated in the indictment."

As I read the testimony, it appears that a conspiracy constituting the offenses charged in the indictments had its genesis in the year 1920 and was in its progress and maintenance continuous; that from time to time one or more of the defendants herein came in contact with and furthered the activities already being undertaken by the original conspirators, and in so doing became in all respects co-conspirators and amenable to all penalties prescribed for such offense.

[2] And, since the conspiracy was apparently continuous in its nature, it seems of comparatively small moment as to where the conspiring defendants might physically have been on any one or more specific days, since, once having entered the conspiracy during its continuance, they became part and parcel of it in its entirety. Defendants' counsel makes much of the alleged fact that none of the defendants whom he represents was in Savannah, Ga., on certain of the days mentioned in the several indictments, and calls attention to the case of U. S. v. Johnston (D. C.) 292 F. 493, where the court says that mere presence in the district, or opportunity for the commission of a crime, is not enough to justify the issuance of an order of removal. Standing by itself this is a legal proposition which may not be gainsaid, but if there are other collateral condi-

tions, involving a group of defendants and tending to show a continuing conspiracy, it is just as sound a proposition to say that the mere physical absence of a defendant from a certain place on a day specified is not sufficient to warrant the refusal of an order of removal. Such seems to me to be the situation in the instant case. In addition thereto, it is to be noted that there was no other testimony given, or offered to be given, on behalf of the defendants, to meet or overcome the prima facie case as established by the government.

I therefore am of the opinion, and find, that the indictments herein are in proper form; that the same were returned by a body having lawful jurisdiction and right to inquire into the subject-matter of said indictments and to act thereon; that the defendants have been properly identified as those named in said indictments; and that there is probable cause for the removal of all of said defendants, except Kleinberg, for trial in the federal court of the Southern district, Eastern division, of the state of Georgia.

An order to that effect may be presented.