## UNITED STATES v. FOGEL et al.

District Court, D. Minnesota, Third Division.
July 23, 1926.

**1. Habeas corpus ⟜92(1)—In habeas corpus proceeding to determine validity of commitment, whether defendant was entitled to bill of particulars could not be determined.**

In habeas corpus proceedings to determine validity of petitioner's commitment for removal for trial, question whether petitioner was entitled to bill of particulars because indictment was too indefinite to advise defendant of crime with which he was charged could not be determined; it being matter for trial court to determine.

**2. Criminal law ⟜113—Indictment charging conspiracy in various places to violate National Prohibition Act held triable in certain federal district (27 USCA).**

Indictment charging defendant and some 111 other defendants with crime of conspiracy to violate National Prohibition Act (27 USCA), alleging that conspiracy was formed in various places, some known and some unknown, throughout United States, time stated being between April 1, 1923, and February 16, 1926, and alleging that overt acts had been committed at various places throughout United States, including Cleveland, Ohio, and alleging acts which conspirators were to do in violation of National Prohibition Act with particularity, *held* to state a public offense which was triable in Eastern division of Northern district of Ohio.

**3. Criminal law ⟜242(5)—Indictment with proof that defendant is one named in it is prima facie evidence of probable cause in proceedings for removal.**

Indictment itself, together with proof that defendant is one named in it, is prima facie evidence of probable cause in proceedings for removal of defendant for trial, but not conclusive evidence.

**4. Criminal law ⟜242(11)—Whether evidence offered by defendant in proceedings for his commitment for removal for trial rebutted inference arising from indictment was question for commissioner ordering commitment.**

Whether evidence offered by defendant in proceeding to secure his commitment and removal for trial in another federal district rebutted inference arising from indictment introduced was question for commissioner before whom hearing was had.

**5. Habeas corpus ⟨⟩85(1)—In habeas corpus proceeding to determine validity of commitment for removal for trial, it cannot be assumed that jury returning indictment acted improperly.**

In habeas corpus proceeding to determine validity of commitment of petitioner for removal for trial in another federal district, it cannot be assumed that grand jury acted improperly and that there was no probable cause to justify indictment.

**6. Criminal law ⟨⟩239—Discharge of defendant by committing magistrate neither annuls indictment nor blots out offense.**

Discharge of defendant by committing magistrate neither annuls indictment nor blots out offense; trial court alone having plenary jurisdiction over cause and plenary power to pass upon sufficiency of indictment as pleading.

**7. Habeas corpus ⟨⟩1—Habeas corpus is available only to inquire whether magistrate had jurisdiction, whether indictment charges public offense, and whether evidence warranted finding of probable cause.**

Habeas corpus is available only to inquire whether magistrate had jurisdiction, whether indictment charges public offense, and whether there was any evidence warranting finding of probable cause.

**8. Habeas corpus ⟨⟩85(1)—In habeas corpus proceeding to determine validity of commitment for removal for trial, evidence before magistrate warranted finding of probable cause.**

In proceeding to determine validity of commitment of petitioner for removal for trial in another federal district, indictment itself being evidence of probable cause, finding that there was no evidence in proceeding before magistrate warranting finding of probable cause would not be justified.

Application by John M. Sell for writ of habeas corpus, and an application by the United States for a warrant authorizing John M. Sell's removal to Cleveland, Ohio, for trial. Writ denied, and application for warrant of removal granted.

M. E. Evans, of Cleveland, Ohio, for the United States.

John P. Kyle, of St. Paul, Minn., for defendant Sell.

JOHN B. SANBORN, District Judge. This matter came on to be heard on the 19th day of July, 1926, at a special term of this court held in the city of St. Paul, Minn., upon the application of the defendant John M. Sell for a writ of habeas corpus to determine the validity of his commitment by Samuel Whaley, United States commissioner, to the custody of the United States marshal for removal to Cleveland, Ohio, for trial, and upon the application of the government for a warrant authorizing removal of said defendant to Cleveland, Ohio, for trial.

John M. Sell is one of the defendants named in an indictment returned by the federal grand jury for the Eastern division of the Northern district of Ohio, at the February term of the District Court for that division in the year 1926, charging him and some 111 other defendants with the crime of conspiracy to violate the National Prohibition Act (27 USCA). The defendant Sell is a resident of Minnesota, and, for the purpose of securing his commitment and removal for trial in Ohio, he was brought before Samuel Whaley, United States commissioner, who, after a hearing, issued an order of commitment. It is claimed on behalf of the defendant Sell that the indictment does not state a public offense, that the court to which removal is sought has no jurisdiction of the offense, and that there is no probable cause for believing that the defendant is guilty of the offense charged.

The indictment appears to be sufficient. In the case of Baker v. United States, a decision by the Circuit Court of Appeals for the Fifth Circuit, 285 F. 15, it was held that an indictment for conspiracy need not allege the exact time or place of the conspiracy or of the overt act, where the facts alleged are sufficient to show an offense not barred by time and within the jurisdiction of the court, and that an allegation that a conspiracy was formed within the district need not be proved where it is alleged and proved that overt acts were committed within the district, citing Brown v. Elliott, 225 U. S. 393, 32 S. Ct. 812, 56 L. Ed. 1136, and Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614.

The decision in the case of Brown v. Elliott, supra, was by a divided court. It appeared that petitions for writs of habeas corpus to discharge the appellants from custody of the United States marshal for the Northern district of California had been dismissed. The appellants were held under a warrant of removal made by the District Court. The indictment was in the District Court of the Omaha Division of the District of Nebraska, for the crime of conspiracy. It charged that the place of the conspiracy was unknown, but alleged an overt act in Omaha. The court affirmed the dismissal of the petitions. Mr. Justice Holmes, in the dissenting opinion, said:

"But it is alleged that the place where the conspiracy was formed is unknown, no place is laid for its continuance, and the petitioners

are not shown to have been engaged in it in Omaha or ever to have been in the place."

It is apparent, therefore, that the situation there was in many respects similar to that presented here.

In the case of Hyde v. United States, supra, it was held that, as the overt act gives jurisdiction for trial, it is not essential where the conspiracy was formed so far as the jurisdiction of the court in which the indictment was found is concerned. In that case it was charged that the conspiracy was formed in the District of Columbia. The evidence upon the trial proved it to have been in California, but, overt acts having been committed in the District of Columbia, it was held that the case was properly triable there, and the conviction was sustained.

In Robinson v. United States, 172 F. 105 (C. C. A. 8th Cir.), the indictment charged a conspiracy formed in Chicago and Cincinnati, and overt acts in Minnesota. The case was tried in Minnesota, and it was held to have been properly tried in that place.

[1] In the present case, it is claimed that the indictment is too indefinite to advise the defendant of the crime of which he is charged. The conspiracy is alleged to have been formed in various places, some known and some unknown, throughout the United States. The time is stated to be between the 1st day of April, 1923, and the 16th day of February, 1926. Overt acts are alleged to have been committed at various places throughout the United States, including Cleveland, Ohio, which is in the Eastern division of the Northern district of Ohio. The acts which the conspirators were to do in violation of the National Prohibition Act are set out with particularity. They were to manufacture and sell alcohol in various places throughout the United States for beverage purposes. It may be that the defendant Sell is entitled to a bill of particulars, but that is a matter for the trial court to determine, and not this court.

[2] I am of the opinion, therefore, that the indictment does state a public offense, and one which is triable in the Eastern division of the Northern district of Ohio.

[3] On the question of probable cause, it is well established that the indictment itself, together with proof that the defendant is one named in it, is prima facie evidence of probable cause, but not conclusive evidence. Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882; Benson v. Henkel, 198 U. S. 1, 25 S. Ct. 569, 49 L. Ed. 919; Hyde v. Shine, 199 U. S. 62, 25 S. Ct. 760, 50 L. Ed. 90; Greene v. Henkel, 183 U. S. 249, 22

S. Ct. 218, 46 L. Ed. 177; Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689.

[4] The indictment was introduced in evidence before the commissioner, and there is no dispute in the evidence as to the identity of the defendant Sell. He took the stand himself and gave testimony tending to prove that he was not guilty of the offense charged against him, and it is now claimed that this evidence given by him, and other evidence of good character offered on his behalf, overcame whatever presumption of probable cause might have been raised by the introduction of the indictment in evidence. The question as to whether the evidence offered by the defendant rebutted the inference arising from the indictment was a question for the commissioner. United States v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875, in which case it is said referring to the committing magistrate:

"He is not intended to hold a preliminary trial, and, if probable cause is shown on the government's side, he is not to set it aside because on the other evidence he believes the defendant innocent."

[5, 6] The rules laid down by the courts for the guidance of committing magistrates in cases such as this do not furnish a very definite or satisfactory rule, and it may be that it is impossible to formulate such a rule. It must be kept in mind that a valid indictment has been returned by the grand jury; that the defendant is one of those named in the indictment. It cannot be assumed that the grand jury acted improperly and that there was no probable cause to justify the indictment. It also must be kept in mind that the discharge of a defendant by a committing magistrate "neither annuls the indictment nor blots out the offense," and that the trial court alone has plenary jurisdiction over the cause and plenary power to pass upon the sufficiency of the indictment as a pleading. Morse v. United States, 267 U. S. 80, 45 S. Ct. 209, 69 L. Ed. 522.

[7, 8] Habeas corpus, it has been held, is available only to inquire whether the magistrate had jurisdiction, whether the indictment charges a public offense, and whether there was any evidence warranting the finding of probable cause. United States v. Gault, supra; Fernandez v. Phillips, 268 U. S. 311, 45 S. Ct. 541, 69 L. Ed. 970. In view of the fact that the indictment itself is evidence of probable cause, no finding by this court that there was no evidence in the proceeding before the magistrate would be justified.

Under all of the circumstances, the application for a writ of habeas corpus in this

matter must be denied, and it then becomes the duty of the court to grant the application for a warrant of removal. It is so ordered.