**UNITED STATES v. WOOD et al.**
(two cases).

District Court, N. D. Texas, Fort Worth Divi-
sion. September 10, 1927.

Nos. 2893, 2894.

1. Habeas corpus ☞92(1)—In habeas corpus
to defeat removal to another district for trial,
government need only show indictment and
identify defendant as person charged.

In habeas corpus to defeat removal of de-
fendant to another district for trial under in-
dictment found in such district, it is only nec-
essary for government to show an indictment
and that person held under it is the person
.charged, and technical sufficiency of indictment
cannot be inquired into, since indictment satis-
fies requirements as to probable cause to be-
lieve defendant guilty.

2. Habeas corpus ☞92(1)—Defendant's iden-
tity under indictment being shown, exclusion
of evidence, to defeat removal to another
district, to overcome presumption of proba-
ble cause, is not error.

Where defendant's identity as person
charged with commission of offense under in-
dictment is shown, it is not error to refuse to
permit him, in habeas corpus proceeding to de-
feat removal to another district for trial, to
introduce evidence tending to overcome pre-
sumption of probable cause created by indict-
ment.

3. Habeas corpus ☞109—Defendant's remov-
al to another district for trial must be or-
dered, notwithstanding evidence in habeas
corpus establishes his innocence.

Where evidence is heard in habeas corpus
proceeding to defeat removal of defendant to
another district for trial under indictment found
in such district, even though it is sufficient to
overcome presumption of probable cause and
establish beyond dispute defendant's innocence,
his removal nevertheless must be ordered.

4. Criminal law ☞242(5)—On attack on in-
dictment in habeas corpus to defeat removal
to another district for trial, court must ac-
cept as true every allegation in indictment.

Attack on indictment in habeas corpus pro-
ceeding, seeking to defeat removal of defendant
to another district for trial on the indictment,
must be treated as a demurrer, requiring court
to accept as true every allegation in indictment.

5. Criminal law ☞242(4)—Indictments alleg-
ing that · apparently separate schemes were
component part of scheme to defraud held
sufficient to support removal to another dis-
trict for trial (Cr. Code, §§ 37, 215 [18
USCA §§ 88, 338]).

Indictments under Criminal Code, §§ 37, 215
(18 USCA §§ 88, 338), alleging two apparently

separate schemes to defraud by use of the mails, without giving details of connection between them, but merely alleging that they constituted component parts of original scheme, even though evidence might show that they were in fact distinct offenses, *held* sufficient to support removal of defendants to another district for trial, as against objection that they stated two or more separate schemes to defraud.

**6. Criminal law ⚖️242(4)—Complaint before commissioner, apprising defendants of nature of offense charged, held sufficient to authorize removal to another district for trial.**

Complaint before commissioners, sufficiently apprising defendants of the nature of the offense with which they were charged, by setting forth the gist thereof, the use of the mails by scheme to defraud, in violation of Criminal Code, §§ 37, 215 (18 USCA §§ 88, 338), *held* sufficient to support removal of defendants for trial to district where indictments were found.

**7. Criminal law ⚖️242(5)—Introduction of indictment in proceedings for removal to another district for trial creates presumption of guilt.**

In trial of case on its merits on presentation of indictment, a presumption of defendants' innocence obtains; but, on habeas corpus to defeat removal of defendants to another district for trial, the presumption of guilt arises on presentation of indictment.

**8. Habeas corpus ⚖️85(1)—In habeas corpus to defeat removal to another district for trial, evidence held insufficient as to certain defendants to overcome prima facie case arising from indictments (Cr. Code, §§ 37, 215 [18 USCA §§ 88, 338]).**

In habeas corpus to defeat removal to another district for trial under indictments charging use of mails to defraud, in violation of Criminal Code, §§ 37, 215 (18 USCA §§ 88, 338), evidence *held* insufficient to overcome prima facie case against certain defendants, made out by introduction of the indictments.

**9. Habeas corpus ⚖️92(1)—In habeas corpus to defeat removal to another district for trial, court cannot go into refinements touching facts.**

In habeas corpus to defeat removal of defendants to another district for trial under indictments found in such district, court is not privileged to go into refinements touching the facts, such as knowledge or intent that may be inferred from a given set of circumstances, but such questions are for the trial court.

Habeas Corpus. Separate proceedings by B. Frank Wood and others and by Owen A. Wood and others against the United States to obtain discharge to defeat removal to California for trial on two indictments charging use of mails to defraud. Discharge of defendants Wood denied, and their removal ordered.

Orders affirmed, 26 F.(2d) 912.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex.

Baskin, Eastus & Greines, of Fort Worth, Tex., and H. L. Arterberry, of Los Angeles, Cal., for defendants.

WILSON, District Judge. This is a habeas corpus proceeding wherein the defendants Owen A. Wood, Bert G. Wood, Otis C. Wood and C. E. Pollard seek, through discharge, to defeat removal to California for trial upon two indictments returned at Los Angeles in the Southern Division of the Southern District of California, alleging an offense under sections 215 and 37, Criminal Code (18 USCA §§ 88, 338).

The California numbers of the indictments are 7265-J and 7266-J. Separate applications under these indictments were made, but in this proceeding, by agreement, were consolidated, and are therefore treated jointly.

[1-3] Under United States ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875, and as long as it remains the law, it is only necessary for the government in such hearings as this to show an indictment and that the person held under it is the person charged. The indictment satisfies the requirement as to probable cause to believe him guilty. Nor may the technical sufficiency of the indictment be inquired into. It is sufficient if it shows a purpose to charge an offense against the United States. Where identity of the defendant and such indictment is shown, it is not error for the magistrate or judge to refuse to permit an accused to introduce evidence tending to overcome the presumption of probable cause. Where such evidence is heard, as here, even though it is sufficient to overcome such presumption of probable cause and establish beyond dispute the innocence of the defendant, his removal, nevertheless, must be ordered. Further than this it is only the duty of the magistrate or judge to avoid palpable injustice to the defendant, but the decision does not point the way as to how such palpable injustice may be disclosed.

In view of this holding, which in practical effect denies to a citizen the right of a hearing in such removal proceedings, it becomes a matter of the gravest importance that men not be indicted recklessly, and particularly where they are to be dragged across the continent for trial. And to indict a citizen upon the bare fact that his name appears on the roster of officers of a concern alleged to be conceived in fraud is far from sufficient. A person's name may so appear, and yet that person occupy a purely clerical position, with no responsibility or knowledge

in connection with the management. District attorneys should present and grand juries should require evidence applicable to each separate defendant, and a sufficient amount to reasonably establish a case of probable guilt. Such practices, if continued, will and should bring about drastic action by Congress stopping it.

Now, since an indictment was shown and the identity of the defendants admitted on the hearing, discussion of the issues so vigorously contested is really unnecessary, but for the benefit of the parties, and in view of a possible appeal, they will be referred to briefly.

The only questions that will be considered are two: (1) Do the indictments charge offenses against the United States? (2) Has the presumption of probable cause for belief of guilt, arising from the introduction of certified copies of the indictments, been overcome by the evidence offered?

[4, 5] Many attacks are made upon the indictments, but the most serious one, and the one most strenuously urged by defendants, is that the indictments, in each separate count thereof, charge two or more separate and distinct schemes to defraud. Defendants' counsel in their brief, stated: "It follows, therefore, * * * that two separate and distinct schemes are charged, and no connection is shown between said schemes as would constitute them one continuous scheme." From the authorities cited it seems that cannot be done legally.

The difficulty confronting defendants is that the indictments upon their face do not show this to be the case. Such a deduction can only be drawn from an examination of the evidence offered. In the light of such evidence, it appears probable that this is a just criticism; but, in this proceeding, such an attack upon the indictment must be treated as a demurrer, requiring the acceptance, by the court, as true of every allegation in same. What the evidence offered here would lead one to believe might be separate and distinct schemes are alleged to be one and the same, altogether constituting one grand scheme to defraud. No specific connection is detailed. They are just alleged to be one, each apparently separate and distinct scheme constituting a component part of the scheme, as alleged to have been originally planned. This is the indictment, given face value. Too, all defendants alike are alleged to have designed every scheme set out. Defendants, upon the trial of the case upon its merits, should a variance thus develop between the indictment, in this respect,

and the proof, might avail themselves of this point, and the supporting authorities, but not in this removal proceeding. For all purposes here I hold the indictment good.

[6] The complaint before the commissioner is also attacked, but, though very general in terms, I think it sufficiently apprises defendants of the nature of the offense with which they are charged, and especially since it sets forth the gist of the offense, to wit, the use of the United States mails in a scheme to defraud. This meets the requirements of the law.

[7] Now, as to the second question whether the defendants, by the evidence offered, have overcome the prima facie case made by the government by the introduction of the indictment. In such removal cases the legal presumption arising from the introduction of the indictment is a decisive factor. In dealing with the facts it must be reckoned with constantly. In the trial of the case upon its merits, upon the presentation of the indictment, a presumption of innocence obtains; here a presumption akin to guilt arises.

[8] The evidence as to the defendant Otis C. Wood discloses his duties were largely those of field superintendent for the Oklahoma and Texas companies involved. Ordinarily it would be presumed that a field superintendent for oil companies would not be responsible for the management of such companies. If the duties of this defendant were shown to have been exclusively in field work, such would be the inescapable conclusion here. But that is not the case. He was admittedly a director of the Invader Company of Oklahoma for about two months, and as such attended one meeting. As to what business was transacted at this meeting, the evidence does not disclose; but this possibly is not of importance. The company he was director of was one of the companies alleged to have been conceived and conducted in fraud. The very fact of this admitted connection tends to confirm, rather than overcome, the presumption of probable cause. Assuming the Invader Company of Oklahoma, as the court here must assume, was conceived in fraud, and all of its management fraudulent, as the indictment alleges, a connection with same as a director, presumably familiar with its inner workings, might be sufficient, with other circumstances, to show guilt, and in any event tends to confirm the correctness of the presumption of probable cause, rather than to overcome same.

As to the connection of this same de-

fendant with the Fort Worth case, though his work was largely in the field, he admitted being authorized to sign checks for a period of two or three months for one of the companies alleged to be a part of the scheme to defraud, and the bank was specifically authorized to honor checks of the company signed by him, and he apparently controlled the exchequer of this company for such a period. This presumes an intimate knowledge of the company's affairs. The discretion to know which check to sign and to refuse to sign would call necessarily for such knowledge. If a person, being familiar with the fraudulent nature of such a concern, permitted himself to be used by it, even for a day, in furthering its unlawful purpose, such a state of facts, from a legal standpoint, might show guilt as much as proof of a continuous connection.

[9] In this kind of hearing the court is not privileged to go into refinements touching the facts, such as the knowledge or intent that may be inferred from a given set of circumstances. Such questions are for settlement by the trial court. If the circumstances upon the trial show a slight, yet a guilty connection, the amount of punishment, and not acquittal, would legitimately meet such a situation. It appears to me that this defendant had a small, insignificant part in the scheme to defraud, but it is for the trial court to weigh such defenses as he offers. The legal presumption prevailing here, since his identity is admitted, is sufficient to warrant his removal.

Bert G. Wood, the attorney charged in the case, brother of the leading defendant, Owen A. Wood, appears, from the evidence before me, to have had very slight connection with the matters set up in the Oklahoma case, and his activities as to the Texas properties and companies, involved in the Fort Worth case, were not general, but limited, consisting mainly of legal services. The case against him, under the indictment, is not shown to be strong. In other words, if the evidence before me was alone to be considered, he would be promptly exonerated by any fair tribunal; but he is shown to have had a connection, not merely as attorney, with certain properties and transacactions alleged to have been used by the defendants in the general scheme to defraud, and in the light of these facts, considering, too, the relation he bore to the companies alleged to have been conceived in fraud, and to the man who dominated those concerns, I cannot say that the presumption of probable cause, arising from the indictments, has been overcome. Therefore his discharge will be denied, and he will be ordered removed in both cases.

C. E. Pollard is another defendant who had little responsibility with any of the companies involved. He is not indicted in the Oklahoma case. It seems he was a clerk for a railway company, a brother-in-law of Bert G. Wood, one of the defendants, and was employed by the Owenwood Corporation on a salary to handle correspondence for it, and for one of the pools organized by Owen Wood. He was a nominal director in the Owenwood Corporation, being assigned a small amount of stock to qualify him to act as such. He occupied this position, however, for several years. As such, presumptively, he was acquainted with any unlawful or fraudulent conduct or purposes of the company, and for this reason it is necessary here to order his removal.

On the other hand, it appears undisputed he had nothing to do with the creation of any of the companies, and no real responsibility in connection with their management. Others created, controlled, and dominated each of them. From the evidence it appears he is back with the railway company as clerk, and I judge a man of little or no means. A trial of this defendant in California, residing, as he does, in Fort Worth, where all of his part was played, in a case of such magnitude, involving such a multitude of alleged fraudulent transactions, requiring defense to each, would amount practically to a denial of what the law guarantees to him, to wit, representation and a fair trial.

In the light of the record made in this hearing, the government is now able to determine with a reasonable degree of certainty the parts respectively played and the real responsibility borne by each of these defendants, and certainly, where any of them appear to have only a slight or a technical connection with the unlawful acts of the principal defendants, they should be dismissed, or just agreements entered into with them.

Owen Wood and Frank B. Wood are shown to be the leading, dominant spirits in these concerns. Only the former is joining and is involved in the application here. If offenses were committed, these gentlemen are the principals. They dictated the policies of their respective companies. All others appear to have been more or less pawns, doing their bidding and moved by them at will. It is hardly contended seriously that the evidence does not call for the removal of Owen Wood, and he will be so ordered.