## UNITED STATES ex rel. HUGHES v. GAULT, MARSHAL.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA.

No. 513.  Argued April 22, 1926.—Decided May 3, 1926.

1. The Constitution does not require any preliminary hearing before removal of an accused person for trial to the federal court having jurisdiction of the charge. Pp. 149, 152.

2. A commitment for removal under Rev. Stats. § 1014, ordered by a United States Commissioner after a finding of substantial grounds for the charge in an indictment, is not assailable in *habeas corpus* because of his refusal to hear defensive evidence and weigh it against the Government's evidence of probable cause. P. 150.

3. An indictment plainly showing the intention of the grand jury to charge the defendant with violating the Sherman Act, *held* sufficient for removal purposes. P. 151.

Affirmed.

APPEAL from a judgment of the District Court denying a discharge in *habeas corpus.* The relator, Hughes, was held for removal to the Northern District of Ohio for trial there under an indictment charging him and forty-six other natural persons and forty-six corporations with having engaged in a combination in restraint of interstate commerce in malleable iron castings, in violation of § 1 of the Sherman Law. At the hearing in the removal proceedings the relator admitted his identity and the Government rested its case on this and a certified copy of the indictment, which alleged that the corporate defendants produced some 75% of the malleable castings product of the United States, and were members of a voluntary trade association through and by means of which they carried out an agreement to eliminate competition among themselves as to prices, terms, and conditions of sale and customers, and that the relator and the other individual defendants (other than one employed as the Secretary of the association,) were officers and agents of the corporations, managing and controlling their affairs. The commissioner, after hearing testimony of two customers of the relator's company, struck it out as purely defensive, declined to hear more testimony of the same character, and ordered a commitment on the indictment and on the testimony given by relator on his direct and cross-examinations.

*Mr. Charles E. Hughes,* with whom *Messrs. Herbert Pope* and *Frank E. Harkness* were on the brief, for appellant.

The District Court erred in its decision as to the nature and scope of the issue in removal proceedings, in holding that the indictment, and proof of appellant's identity, established the Government's right to an order of removal, and wholly disregarding the evidence showing want of probable cause introduced before the Commissioner, and in so doing the court denied the appellant's constitutional right to a proper hearing on the issue of probable cause. *Tinsley* v. *Treat,* 205 U. S. 20; *Harlan* v. *McGourin,* 218 U. S. 442. If the evidence on behalf of appellant demonstrated the lack of probable cause, the Commissioner had no power or authority to commit him, and he was entitled as a matter of constitutional right to his discharge in *habeas corpus* proceedings.

The evidence on behalf of appellant fully met the case made by the indictment and demonstrated that there was no probable cause to believe him guilty of any violation of the Sherman Act. Apart from a formal charge that all the defendants named in the indictment have violated the Sherman Act, which follows the language of the statute, and cannot possibly be held to state any specific offense which would justify a prosecution, the indictment merely states that the corporations named as defendants have carried on their interstate trade pursuant to an agreement to eliminate competition, have by agreement "from time to time" fixed excessive and non-competitive prices for malleable iron castings and quoted and sold castings at such prices, and have "assigned and allotted their customers to one another" and enforced such allotments by refraining from competing for such customers." This Court has held in *Weeds, Inc.* v. *United States,* 255 U. S. 109, that the word "excessive" as applied to prices has no proper place in a penal proceeding, and it has also

held in *Chicago Board of Trade* v. *United States,* 246 U. S. 231, that the fixing of non-competitive prices does not necessarily constitute a violation of the Sherman Act. As to the charge that the corporate defendants allotted and assigned customers to one another, it is to be observed that the indictment does not even allege that this was done by agreement and is apparently based on the view that the Sherman Act imposes a duty to compete—a theory which this Court has definitely repudiated. *Swift & Co.* v. *United States,* 196 U. S. 375; *United States* v. *Reading Co.,* 226 U. S. 324. The appellant and the other natural persons named in the indictment are not charged with having authorized or done any act claimed to be illegal, but merely with having been officers or agents of the defendant corporations.

The only basis for the jurisdiction of the District Court for the Northern District of Ohio to which removal is sought, is the charge that the corporate defendants were members of an association with headquarters at Cleveland in that district, and while it is alleged that the association was an instrumentality of the supposed combination, there is no statement of what it did in pursuance thereof, or indeed that it did anything.

It stands out clearly upon the record that the Government abandoned the charge of price-fixing and the allotment of customers made in the indictment. It could do nothing else in the face of appellant's uncontradicted and unimpeached testimony. There remains nothing except the fact that appellant's company was a member of a trade association which maintained a bureau of information, and there is not a shred of evidence that appellant or any one else ever made use of this bureau for any improper or unlawful purpose. We insist that upon such evidence the Commissioner had no power or authority to hold the appellant, that the District Court erred in refusing to discharge him from custody, and that the order appealed from should be reversed.

95429—26—10

*Rodman* v. *Pothier*, 264 U. S. 399, held merely that disputed and doubtful questions should not be decided in removal proceedings, and counsel for the Government fail to point to the existence of any doubtful or disputed question in the case at bar which would bring it within that rule.

In *Charlton* v. *Kelly*, 229 U. S. 447, there was competent legal evidence produced to show the commission of the crime. The question arose as to the defense of insanity.

In *Collins* v. *Loisel*, 259 U. S. 309, another extradition case, the court found that the evidence to support the charge of obtaining property by false pretenses was adequate. The court reviewed the evidence and said that it was clear that this evidence would justify a conviction not only for cheating, but also of obtaining property under false pretenses.

In *Gayon* v. *McCarthy*, 252 U. S. 171, the court reviewed the evidence at length and reached its decision in the case, which was one of *habeas corpus*, only on the ground that there was " substantial evidence " before the Commissioner showing probable cause.

This Court has held, *Tinsley* v. *Treat*, 205 U. S. 20, and cases following, that, while the indictment, if it is a valid and sufficient one on its face, may be regarded as enough to put the defendant to his proof, the defendant has a constitutional right to show the absence of probable cause. Of course, this constitutional right is a substantial one. It is not a matter of form. But of what consequence is the right, if the defendant's evidence destroys the basis for a finding of probable cause and his evidence is ignored?

This Court has held in *habeas corpus* cases that the indictment is not conclusive, and that it is a denial of a constitutional right to regard it as conclusive. But to receive evidence which leaves no basis for a finding of prob-

able cause and then to sustain the removal is to make the indictment conclusive. We submit that this is what the court below did.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* and *Mr. Clifford H. Byrnes,* Special Assistant to the Attorney General, were on the brief, for appellee.

In a removal proceeding in the federal courts the committing magistrate must determine three questions: (1) Whether an offense appears to have been committed; (2) whether it appears to have been committed in the judicial district to which the removal is sought; and (3) whether there is any evidence tending to show that it was committed by the accused.

The production of a certified copy of the indictment which states an offense and alleges jurisdiction in the court in which it was found, together with proof of identity, furnishes *prima facie* but not conclusive evidence of all of these three elements.

The court before which removal proceedings are pending, or the court reviewing its action on *habeas corpus,* should not attempt to pass on the technical sufficiency of the indictment as a criminal pleading, but should consider whether it, as evidence, tends satisfactorily to show the commission of an offense, and jurisdiction in the court where it was found, to try the accused for such offense. In the case at bar such questions as are raised as to the sufficiency of the indictment are of a character which should be left to be resolved by the trial court, and not decided on removal proceedings. As the court in which this indictment was found had previously passed on and sustained the indictment, its decision was properly recognized as controlling in the removal proceedings.

The indictment in this case is sufficient, in any event, to meet every test which can be applied. It has been sus-

tained in numerous cases. *United States* v. *Nat. Malleable & Steel Castings Co.,* 6 Fed. (2d) 40; *Fitzgerald* v. *United States,* 6 Fed. (2d) 156, certiorari denied 269 U. S. 570; *McGrath* v. *Mathues,* 6 Fed. (2d) 149; *United States* v. *Moore,* 2 Fed. (2d) 734; *Steeves* v. *Rodman,* 10 Fed. (2d) 212; *Meehan* v. *United States,* 11 Fed. (2d) 847. Other cases presenting different phases of removal proceedings upon the same indictment are: *Nourse* v. *White,* 11 Fed. (2d) 843; *Rutz* v. *Anderson,* 11 Fed. (2d) 845; *Rutz* v. *Levy,* 268 U. S. 390.

The accused has a constitutional right to rebut the evidence against him. The scope of such rebuttal evidence is largely in the discretion of the committing magistrate. In the case at bar there was no abuse of such discretion. The court in the *habeas corpus* proceedings had before it the same evidence which was before the Commissioner, and seems to have concluded upon such evidence that probable cause existed. But whatever reason it had for discharging the writ, the order should be affirmed, since the record shows that if the evidence as well as the indictment be considered, the action of the Commissioner was correct.

Mr. Justice Holmes delivered the opinion of the Court.

The relator was indicted for violation of the Anti-trust Act of July 2, 1890, (c. 647,) in the Eastern Division of the Northern District of Ohio. He appeared, upon notice, before a Commissioner of Ottumwa, Iowa, and after a hearing he was ordered to be held for removal. Rev. Stat. § 1014. The relator thereupon applied to the judges of the District Court for a writ of *habeas corpus* on the grounds that the indictment was bad and that the Commissioner rejected evidence that the relator was innocent and that therefore there was no probable cause to

believe him guilty of a crime in Ohio. He also prayed for a writ of certiorari to bring the proceedings below before the Court. The writs were issued and after a hearing the District Court denied the relator his discharge and directed an order of removal to be prepared. The relator appeals under § 238 of the Judicial Code, March 3, 1911, c. 231, 36 Stat. 1087, 1157, before the Act of February 13, 1925, c. 229, went into effect. The grounds alleged are that, by the refusal to hold that the indictment did not show probable cause to believe the relator guilty, and by the exclusion of the evidence, the relator was deprived of his right to be tried in the District wherein the crime was committed, Constitution, Art. 3, § 2, and Amendment VI, and that he was detained without due process of law. Amendment V.

The Constitution does not require any preliminary hearing before a person charged with a crime against the United States is brought into the Court having jurisdiction of the charge. There he may deny the jurisdiction of the Court as he may deny his guilt, and the Constitution is satisfied by his right to contest it there. With immaterial exceptions any one in the United States is subject to the jurisdiction of the United States and may be required to stand trial wherever he is alleged to have committed the crime. In *Tinsley* v. *Treat,* 205 U. S. 20, 33, the conclusion is not that the appellant by being denied the right to present any evidence was deprived of his rights under the Constitution, but that he was denied ' a right secured by statute under the Constitution.'

As that instrument does not provide for bringing the accused into the power of the Court authorized to try him, a statute was necessary and is found in Rev. Stat. § 1014. This might have been interpreted as contemplating a summary order without other hearing than was necessary, when there was an indictment, to show that fact and that the person present was the person charged.

The hardship of removal, however, has grown with the growth of the United States, and there is a natural desire to prevent it when possible, if a preliminary sifting will show that there is no probable cause for the charge. Accordingly it is held that the District Judge on application to remove acts judicially and that probable cause must be shown. *Beavers* v. *Henkel*, 194 U. S. 73, 83. *Tinsley* v. *Treat*, 205 U. S. 20, 27, 29, 32. It is to be noticed, however, that " where any offender . . . is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender . . . is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal," &c. But the commitment, supposed by these words already to have taken place, is entrusted not only to judges and commissioners of the United States, and judges of state courts, but to any ' mayor of a city, justice of the peace, or other magistrate, of any State where he may be found.' Obviously, in order to make it the duty of the judge to issue the warrant a mayor or a magistrate not a lawyer cannot be expected to do more than to decide in a summary way that the indictment is intended to charge an offense against the laws of the United States, that the person before him is the person charged and that there is probable cause to believe him guilty, without the magistrate's being held to more than avoiding palpable injustice. He is not intended to hold a preliminary trial, and, if probable cause is shown on the government side, he is not to set it aside because on the other evidence he believes the defendant innocent. The rule that would apply to a mayor applies to a commissioner of the United States.

The relator testified before the Commissioner both in general terms and in detail that he and his company were innocent. The Commissioner excluded further details from him confirmatory of what he had sworn and evi-

dence of customers that they were acquired in the way of competitive trade, seemingly on the ground that they would not, or at least might not, know that they were held as customers because of an agreement among the defendants, and also on the ground that he was not called on to listen to merely defensive proof; an opinion that he expressed. On a summary proceeding like this, even if the exclusion was wrong, it would not be enough to invalidate the order of removal, as the Commissioner indicated by his finding that he thought there were substantial grounds for the charge of guilt and that it was not for him to decide whether they were met by the denials of the defendant, even if they seemed convincing. *Collins* v. *Loisel,* 259 U. S. 309, 314, 315.

We do not regard the attack upon the indictment as needing discussion. It has been upheld by a number of District Courts and by the Circuit Court of Appeals for the Sixth Circuit as sufficient for removal purposes. It alleges that the Iowa Malleable Iron Company under the charge of the relator was party to an agreement to eliminate competition in interstate trade and to fix excessive and noncompetitive prices, and that the company and the relator are engaged in a conspiracy in restraint of trade among the States. The relator is not left in doubt of the effort of the grand jury to present him as criminal under the Sherman Act.

It is pointed out in *Beavers* v. *Henkel,* 194 U. S. 73, 83, that there are much stronger reasons for caution in surrendering an alleged criminal to a foreign nation than are required before removing a citizen from one place to another within the jurisdiction, yet in the latest case on extradition it is said that '*habeas corpus* is available only to inquire whether the magistrate had jurisdiction, whether the offence charged -is within the treaty and, by a somewhat liberal extension, whether there was any

evidence warranting the finding that there was reasonable ground to believe the accused guilty.' *Fernandez* v. *Phillips,* 268 U. S. 311, 312. So far as the attack upon the order of removal is by *habeas corpus* this would seem to apply. *Price v. Henkel,* 216 U. S. 488, 492.

But to recur to what we intimated at the beginning, the requirements of the statute, be they greater or less, are not requirements of the Constitution but only in aid of the Constitution, made, in rather a remote sense, ' in order that any one accused shall not be deprived of this constitutional right ' to be tried in the District wherein the crime shall have been committed. 205 U. S. 32. A statement in *Harlan* v. *McGourin,* 218 U. S. 442, 447, that *Tinsley* v. *Treat* held the exclusion of evidence to be a denial of a right secured under the Federal Constitution is inaccurate as we have shown. The relator's contention that he has been deprived of constitutional rights fails. It follows that the order of the District Court must be affirmed.

*Order affirmed.*

MR. JUSTICE SUTHERLAND concurs in the result.

MR. JUSTICE BRANDEIS is of the opinion that, by refusing to hear and to consider evidence introduced or offered which bore upon the existence of probable cause, the Commissioner did not merely commit error, but deprived the petitioner of his liberty without due process of law in violation of the Fifth Amendment, because he was denied a fair hearing. *Tinsley* v. *Treat,* 205 U. S. 20, 28, 30. Compare *Chin Yow* v. *United States,* 208 U. S. 8; *Kwock Jan Fat* v. *White,* 253 U. S. 454; *United States* v. *Tod,* 263 U. S. 149.

MR. JUSTICE STONE took no part in the decision of this case.