## UNITED STATES v. FOGEL et al.

District Court, D. Minnesota, Third Division. July 23, 1926.

1. **Criminal law ⬄242(5)—In proceeding for commitment of defendant for removal for trial, indictment is not conclusive evidence of probable cause.**

In proceeding for an order committing defendant into custody of marshal for removal for trial, indictment is not conclusive evidence of probable cause.

2. **Criminal law ⬄242(8)—In proceeding for commitment of accused for removal, court does not act in mere ministerial capacity, but should not hold preliminary trial.**

In proceeding for commitment of accused for removal for trial, court does not act in mere ministerial capacity, but it is not intended that court should hold preliminary trial, and, if probable cause is shown on government's side, it is not to set it aside because on other evidence it believes defendant innocent.

3. **Criminal law ⬄242(7)—In proceeding for commitment of accused for removal for trial, presumption of probable cause raised by government's evidence held not overcome by accused's testimony.**

In proceedings for an order committing defendant into custody of United States marshal for removal for trial wherein government introduced indictment and evidence identifying defendant as one of defendants named in indictment, presumption of probable cause raised by government's evidence *held* not overcome by testimony offered by defendant.

Application by the United States for an order committing Thomas A. Brown, alias Big Tom Brown, into the custody of the United States Marshal for removal to Cleveland, Ohio, and for a warrant of removal. Commitment and warrant of removal ordered.

M. E. Evans, of Cleveland, Ohio, for the United States.

Charles N. Dohs, of St. Paul, Minn., for defendant Brown.

JOHN B. SANBORN, District Judge. The government has introduced an indictment returned by the federal grand jury for the Eastern division of the Northern district of Ohio at the February term of the District Court for that division in the year 1926, and the defendant Brown has been identified as one of the defendants named in that indictment. The defendant has testified in his own behalf to the effect that he is not guilty of the charge made against him, and he has introduced testimony of his good character. The question before this court, then, is whether the presumption of probable cause raised by the government's evidence has been overcome by the testimony offered by the defendant.

[1, 2] The indictment is, of course, not conclusive evidence of probable cause. The court does not act in a mere ministerial capacity, but it is not intended that the court should hold a preliminary trial, and, if probable cause is shown on the government's side, it is not to set it aside because on the other evidence it believes the defendant innocent. United States v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875.

The testimony of the defendant Brown is in certain respects not satisfactory. It shows that from June, 1922, until December, 1923, he was a police officer and head of the "Purity Squad" of the city of St. Paul, which had to do with the enforcement of the state and National Prohibition Act, and that that was the only force connected with the police department which was so engaged. He states that he knew the defendants Gleckman and the defendants Gleeman and other St. Paul defendants, but that he had no dealings with them and did not know in what business they were engaged. His denial of knowledge or information of the character of their business is, to my mind, not worthy of belief. The records of this court show that a number of years ago, and while he was a member of the police force of this city, one of the defendants Gleckman was charged with a conspiracy to violate the National Prohibition Act (27 USCA), pleaded guilty, and is now under sentence of this court to eighteen months in Leavenworth. If he said that he had no evidence against them or was not called upon to investigate their activities, that would sound much more reasonable.

[3] I cannot say that there is no justification for requiring the defendant Brown to go to Cleveland and make a defense to the charge which the grand jury has made against him. I believe that he is not guilty of the charge, but it seems to me that there is sufficient substance to the case to require his commitment and the order of removal requested by the government. It is so ordered.