**UNITED STATES v. MAYER et al.**

District Court, M. D. Pennsylvania.   October 17, 1927.

1. **Criminal law ⊜⇒211(1)—Indictment attached to complaint for warrant of arrest must be considered as part of complaint in determining its sufficiency.**

Indictment charging conspiracy to violate National Prohibition Act, attached to complaint on which warrant of arrest was issued had to be considered as part of complaint in determining sufficiency of complaint.

2. **Criminal law ⊜⇒211(1)—Complaint held to set forth offense of conspiracy to violate National Prohibition Act with sufficient certainty to authorize issuance of warrant of arrest (27 USCA).**

Complaint with indictment attached, charging defendants with conspiring knowingly, willfully, etc., to violate National Prohibition Act (27 USCA), specifying acts of violation contemplated and setting forth overt acts committed, *held* to set forth offense with sufficient certainty to afford authority to commissioner to issue warrant of arrest.

3. **Criminal law ⊜⇒113—Where indictment charged conspiracy between defendants residing in Pennsylvania district and others in Ohio district and commission of overt acts in both district, Ohio District Court had jurisdiction (National Prohibition Act [27 USCA]; Jud. Code, § 42 [28 USCA § 103]).**

Where indictment charged conspiracy to violate National Prohibition Act (27 USCA) between defendants residing in Middle district of Pennsylvania and others residing in Northern district of Ohio, Eastern division, and commission of overt acts in pursuance of conspiracy in both districts, District Court in Eastern Division of Ohio had jurisdiction under Judicial Code, § 42 (28 USCA § 103).

4. **Conspiracy ⊜⇒43(6)—Indictment charging conspiracy to violate National Prohibition Act held to charge offense against United States (27 USCA).**

Indictment charging conspiracy to violate National Prohibition Act (27 USCA) stating manner in which act was to be violated by alleged conspirators and stating overt acts in pursuance of conspiracy, *held* to charge an offense against laws of United States.

5. **Criminal law ⊜⇒242(5)—Indictment is prima facie evidence of probable cause in proceedings for removal to another federal district for trial.**

Indictment is prima facie evidence of probable cause in proceedings for removal of defendant for trial in another federal district.

6. **Criminal law ⊜⇒113—Where indictment charged conspiracy to violate National Prohibition Act to have been committed in Pennsylvania and also in Ohio, defendants residing in Pennsylvania could be tried in Ohio district (27 USCA; Const. Amend. 6).**

Under Const. Amend. 6, providing that in all criminal prosecutions accused shall enjoy right to speedy and public trial by an impartial jury of state and district wherein crime shall have been committed, where indictment charged conspiracy to violate National Prohibition Act (27 USCA) to have been committed in Middle district of Pennsylvania as well as in Northern district of Ohio, Eastern division, they could be tried in Northern district of Ohio, Eastern division, since law requires that defendants be tried, not where they reside, but where crime shall have been committed.

Motion by the United States for order of removal of Jacob Mayer and others and motion by defendants to quash complaint and set aside warrant and service of warrant. Motion to quash complaint and set aside warrant and service thereof dismissed, and rule granted thereon discharged, and motion for order of removal granted.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa., and A. E. Bernsteen, U. S. Atty., and Miles E. Evans, Asst. U. S. Atty., both of Cleveland, Ohio.

Abram Salsburg, of Wilkes-Barre, Pa., for defendants McGown, Bossert, and McHugh.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for defendants Dooley and Purcell.

Knapp, O'Malley, Hill & Harris, John M. Gunster, and Stanley M. Evans, all of Scranton, Pa., for defendant Mayer.

M. J. Martin, Paul G. Collins, and Vandling D. Rose, all of Scranton, Pa., for defendants Anderson, Loughran, and Lord.

Clarence Balentine, of Scranton, Pa., for defendant Quinn.

JOHNSON, District Judge. The defendants Jacob Mayer, William V. Loughran, Mary L. Anderson, Lester Lord, Jr., William Al Quinn, alias William A. Quinn, alias William Quinn, George I. Purcell, James Dooley, Patrick F. McGowan, William F. McHugh, and Carl Bossert, residing in the Eastern district of Pennsylvania, were indicted, with others, by a grand jury in the Northern district of Ohio, Eastern division, for conspiring to violate the National Prohibition Act (27 USCA) commonly known as the Volstead Act. The defendants were arrested, and after hearing before United States Commissioner James Peck, at Scranton, Pa., were held in bail on October 6, 1927, by the commissioner for trial in the Northern district of Ohio, Eastern division.

On October 6, 1927, Andrew B. Dunsmore, United States attorney for the Middle district of Pennsylvania, moved the court for

an order, based upon proceedings before United States Commissioner. Peck, directing the removal of the said defendants from the Middle district of Pennsylvania to the Northern district of Ohio, Eastern division; whereupon the defendants, by their counsel, moved the court to quash the complaint made to the said commissioner and to set aside the warrant issued thereon and the service of the warrant, assigning in support of the motion thirty-eight reasons which may be considered under five heads:

First, the legality of the arrest; secondly, the jurisdiction of the court of the Northern district of Ohio, Eastern division; thirdly, the sufficiency of the indictment; fourthly, probable cause; and fifthly, the venue or proper place for trial.

[1, 2] First, as to the legality of the arrest: The defendants contend that the complaint on which the warrant of arrest issued is void and insufficient to support and justify the issuance of the warrant of arrest, in that it fails to set forth in substance the commission of an offense against the laws of the United States. The complaint sets forth, among other things, that the defendants "did, through a period of time extending from or about the 1st day of April, A. D. 1924, to on or about the 1st day of January, A. D. 1927, continuously and throughout the said period, unlawfully, knowingly, willfully, and feloniously conspire, combine, confederate, and agree together and with one another and each with the other and with one Frank A. Delhanty, to violate the National Prohibition Act and the Volstead Act. And they did, in furtherance of their conspiracy, manufacture, possess, keep, barter, sell, transport, deliver, and distribute intoxicating liquors, to wit, a certain malt and cereal beverage known as beer used for beverage purposes, which beer did then and there contain more than one-half of 1 per cent. of alcohol by volume fit for use for beverage purposes. A more detailed account of the conspiracy and overt acts committed by the above defendants in the furtherance of their conspiracy may be had from the certified copy of the indictments returned against the above defendants in the United States court in the Northern district of Ohio, which certified copy of the indictment was filed with the aforesaid commissioner at the time of the issuance of this complaint. * * * And further, that the foregoing information, except as to the fact of the said defendants aforesaid now being within this judicial district, is laid and made upon information and belief, the source of deponent's information and the grounds of his belief being a certified copy of the bill of indictment found and preferred against the defendants as aforesaid in the United States District Court for the Northern District of Ohio, which said certified copy as aforesaid is presented to and filed with the undersigned commissioner by the deponent at the time of the making of this complaint."

The indictment which was attached to the complaint and made a part of it, sets out the charge of conspiracy against these defendants and others by charging them with conspiring knowingly, willfully, unlawfully, and feloniously to violate the terms and provisions of the National Prohibition Act, commonly called the Volstead Act, specifying the acts of violation of the said act contemplated by said alleged conspirators, and setting forth the overt acts committed by these defendants and the other defendants in pursuance of the conspiracy charged in the indictment in the Middle district of Pennsylvania and in the Northern district of Ohio, Eastern division. The indictment must be considered as part of the complaint in this case in determining the sufficiency of the complaint. It therefore follows that the complaint sets forth the offense with sufficient certainty to afford authority to the commissioner to issue the warrant. Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882.

In Rice v. Ames, 180 U. S. 371, 21 S. Ct. 406, 45 L. Ed. 577, a case of extradition to a foreign country in which the complaint was made upon information and belief, it was said on page 375 (21 S. Ct. 408):

"If the officer of the foreign government has no personal knowledge of the facts, he may with entire propriety make the complaint upon information and belief, stating the sources of his information and the grounds of his belief, and annexing to the complaint a properly certified copy of any indictment or equivalent proceeding, which may have been found in the foreign country, or a copy of the depositions of witnesses having actual knowledge of the facts, taken under the treaty and act of Congress. This will afford ample authority to the commissioner for issuing the warrant."

[3] Secondly, as to the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division: The indictment charges conspiracy between the defendants residing in the Middle district of Pennsylvania and others residing in the Northern district of Ohio, Eastern division, and the commission of the overt acts in pursuance of the conspiracy in both districts. Section 42 of the Judicial Code (28 USCA § 103) covers this question:

"When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein."

In United States of America v. Benjamin Fogel, John M. Sell, et al., 22 F.(2d) 823, District Judge Sanborn of the Third Division, District of Minnesota, referring to the opinion of the Supreme Court in Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614, said:

"It was held that, as the overt act gives jurisdiction for trial, it is not essential where the conspiracy was formed so far as the jurisdiction of the court in which the indictment was found is concerned. In that case it was charged that the conspiracy was formed in the District of Columbia. The evidence upon the trial proved it to have been in California, but, overt acts having been committed in the District of Columbia, it was held that the case was properly triable there, and the conviction was sustained."

Judge Sanborn stated further on the question of jurisdiction:

"In Robinson v. United States, 172 F. 105 (C. C. A. 8th Cir.), the indictment charged a conspiracy formed in Chicago and Cincinnati, and overt acts in Minnesota. The case was tried in Minnesota, and it was held to have been properly tried in that place."

In Rudner v. United States (C. C. A.) 281 F. 516, it was held: "Where an indictment charges a conspiracy formed in each of two federal districts to commit a crime and overt acts committed in each district, it is not essential to jurisdiction in one district that all defendants should have participated in overt acts in that district, but it is sufficient if some of them did."

It follows from the allegations of conspiracy and the commission of overt acts in the Northern district of Ohio, Eastern division, that the District Court there has jurisdiction in this case.

[4] Thirdly, as to the sufficiency of the indictment: This indictment clearly charges the conspiracy to violate the National Prohibition Act, stating the manner in which the act was to be violated by the alleged conspirators, and stating the overt acts in pursuance of the conspiracy. The indictment clearly charges an offense against the laws of the United States.

In United States v. Benjamin Fogel, John M. Sell et al., supra, District Judge Sanborn, in discussing the sufficiency of the indictment, said:

"In the present case, it is claimed that the indictment is too indefinite to advise the defendant of the crime of which he is charged. The conspiracy is alleged to have been formed in various places, some known and some unknown, throughout the United States. The time is stated to be between the 1st day of April, 1923, and the 16th day of February, 1926. Overt acts are alleged to have been committed at various places throughout the United States, including Cleveland, Ohio, which is in the Eastern division of the Northern district of Ohio. The acts which the conspirators were to do in violation of the National Prohibition Act are set out with particularity. They were to manufacture and sell alcohol in various places throughout the United States for beverage purposes. It may be that the defendant Sell is entitled to a bill of particulars, but that is a matter for the trial court to determine, and not this court. I am of the opinion, therefore, that the indictment does state a public offense, and one which is triable in the Eastern division of the Northern district of Ohio."

[5] Fourthly, as to probable cause: In United States v. Benjamin Fogel, John M. Sell, et al., supra, District Judge Sanborn, in discussing probable cause in removal proceedings, said:

"On the question of probable cause, it is well established that the indictment itself, together with proof that the defendant is one named in it, is prima facie evidence of probable cause, but not conclusive evidence. Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882; Benson v. Henkel, 198 U. S. 1, 25 S. Ct. 569, 49 L. Ed. 919; Hyde v. Shine, 199 U. S. 62, 25 S. Ct. 760, 50 L. Ed. 90; Greene v. Henkel, 183 U. S. 249, 22 S. Ct. 218, 46 L. Ed. 177; Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689.

"The indictment was introduced in evidence before the commissioner, and there is no dispute in the evidence as to the identity of the defendant Sell. He took the stand himself and gave testimony tending to prove that he was not guilty of the offense charged against him, and it is now claimed that this evidence given by him, and other evidence of good character offered on his behalf, overcame whatever presumption of probable cause might have been raised by the introduction of the indictment in evidence. The question as to whether the evidence offered by the defendant rebutted the inference arising from the indictment was a question for the com-

missioner. United States v. Gault, No. 513, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875, May 3, 1926, in which case it is said, referring to the committing magistrate: 'He is not intended to hold a preliminary trial, and, if probable cause is shown on the government's side, he is not to set it aside because on the other evidence he believes the defendant innocent.'

"The rules laid down by the courts for the guidance of committing magistrates in cases such as this do not furnish a very definite or satisfactory rule, and it may be that it is impossible to formulate such a rule. It must be kept in mind that a valid indictment has been returned by the grand jury; that the defendant is one of those named in the indictment. It cannot be assumed that the grand jury acted improperly and that there was no probable cause to justify the indictment."

In United States of America ex rel. Albert Haim v. W. Frank Mathues, United States Marshal, No. 3549, 19 F.(2d) 22, October term, 1926, Woolley, Circuit Judge, Third Circuit, delivering the opinion of the court in the removal proceedings on the question of probable cause, said:

"The appellant, residing in the Eastern district of Pennsylvania, was indicted with many others by a grand jury in the Northern district of Ohio for conspiring to violate a law of the United States, namely, the National Prohibition Act. * * * Desiring his removal to Ohio, the government instituted proceedings in Philadelphia before a United States commissioner, and at the hearing offered a certified copy of the indictment in proof of probable cause and produced a witness who identified the appellant as one of the defendants against whom he had testified before the grand jury. On cross-examination counsel for the appellant sought to bring out the substance and source of the evidence the witness had given the grand jury but was prevented by an adverse ruling of the commissioner. The appellant, in an effort to overcome the probable cause thus established, testified that he was innocent of the crime charged against him and produced evidence of his good reputation. The commissioner entered an order of arrest and removal, and the appellant at once presented a petition for a writ of habeas corpus to a judge of the District Court of the United States for the Eastern District of Pennsylvania, alleging that his commitment to and detention by the marshal was unlawful and praying that he be discharged from custody. The learned judge dismissed the petition and this appeal followed.

"The facts in this case raise no new question of law. Judges in this circuit have reviewed the law of the statute. United States v. Beiner [D. C.] 275 F. 704, United States ex rel. Tassell v. Mathues (C. C. A.) 11 F. (2d) 53, and the Supreme Court in Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689, reviewed the law as stated in previous decisions; and in Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875, it discussed and restated the law of the Tinsley Case. This is the latest authoritative pronouncement on the subject, and we think it rules the case at bar in all its aspects. The law of that case and of other cases there approved, in so far as pertinent to this one, is substantially as follows: One accused of crime by indictment in a distant district, though liable to trial wherever indicted, cannot be arbitrarily and summarily removed from the district of his residence, but is entitled to a preliminary hearing. Such preliminary hearing is not a preliminary trial. It is had before a committing magistrate, who may be a judge, commissioner, mayor of a city, or justice of the peace, and it is only such as will bring out the probable cause of the charge and make certain the identity of the defendant. These are the two things that must be established before the accused can be lawfully removed. In such a hearing the function of the magistrate is not ministerial but is judicial in the limited sense indicated. He must pass on the question of identity—an issue purely of fact— and also on that of probable cause. The indictment is itself evidence that there was probable cause for finding it. Of this, however, the indictment is not conclusive. Tinsley v. Treat, 205 U. S. 20, 32, 27 S. Ct. 430, 51 L. Ed. 689. Its evidential effect is only prima facie. Hence the accused may attack it as not charging a crime and therefore as not showing probable cause. We have not been persuaded the indictment in this case is faulty in that respect. But the accused may further rebut the government's prima facie case by evidence, the exact nature of which in any given instance we, of course, do not undertake to prescribe. In the case at bar, however, the appellant's main attack on the government's prima facie case was by his own evidence denying his guilt and the evidence of others proving his good reputation. His denial of guilt was nothing more than a plea of not guilty, and evidence of reputation did not aid it. The question whether he is guilty still remains and that question is triable, not by a magistrate at a preliminary hearing, but only by a jury at final trial. Collins v. Loisel, 259 U. S. 309, 314, 315, 42

S. Ct. 469, 66 L. Ed. 956; Hughes v. Gault, supra. A preliminary hearing is afforded the accused to ascertain the probable cause of the charge made against him as justification for an order for his arrest and removal, not to determine his guilt or innocence, and the law intends that 'if probable cause is shown on the government's side (the magistrate) is not to set it aside because on the other evidence he believes the defendant innocent.' Hughes v. Gault, supra. In other words, the only issue before the magistrate (after that of identity) is probable cause; the rest is for a jury. This, we understand, is the construction which the Supreme Court has given R. S. § 1014 [18 USCA § 591], in Hughes v. Gault, supra, where, as here, the accused denied his guilt and resisted removal on that evidence as rebutting the probable cause implicit in an indictment validly charging a crime."

In Magnus v. Keville, United States Marshal, 6 F.(2d) 157, it was held:

"In removal proceedings, under Rev. St. § 1014 (Comp. St. § 1674 [18 USCA § 591]) indictment is evidence of probable cause, and not merely ground for presumption, which would disappear as soon as countervailing evidence is offered."

In this case the identity of the defendants is either admitted or established, and the prima facie evidence of probable cause contained in the indictment has not been overcome.

[6] Fifthly, as to the venue or proper place of trial: The defendants contend that, even though the arrest be lawful and the court of the Northern district of Ohio, Eastern division, have jurisdiction, and the indictment sufficiently charges an offense, and there be probable cause, still these defendants should be tried in the Middle district of Pennsylvania and not in the Northern district of Ohio, Eastern division.

The defendants contend that, since the indictment charges conspiracy to have been committed by them in the Middle district of Pennsylvania as well as in the Northern district of Ohio, Eastern division, they should be tried in the Middle district of Pennsylvania where they reside.

The defendants cite and rely upon the Sixth Amendment to the Constitution of the United States and similar provisions in the federal Constitution and the Constitution of Pennsylvania. The Sixth Amendment to the Constitution of the United States provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed."

In Re Palliser, 136 U. S. 257, on page 265, 10 S. Ct. 1034, 1036 (34 L. Ed. 514) Mr. Justice Gray, delivering the opinion of the court, said:

"The remaining and more interesting question is whether the petitioner can be tried for this offense in the district of Connecticut. The petitioner relies on those provisions of the Constitution of the United States which declare that in all criminal prosecutions the accused shall have the right to be tried by an impartial jury of the state and district wherein the crime shall have been committed. Article 3, § 2; Amendments, art. 6. But the right thereby secured is not a right to be tried in the district where the accused resides, or even in the district in which he is personally at the time of committing the crime, but in the district 'wherein the crime shall have been committed.'"

In Beavers v. Henkel, 194 U. S. 73, on page 82 (24 S. Ct. 606), Mr. Justice Brewer, delivering the opinion of the court, said:

"At the outset it is well to note that this is not a case of extradition. There was no proposed surrender of petitioner by the United States to the jurisdiction of a foreign nation, no abandonment of the duty of protection which the nation owes to all within its territory. There was not even the qualified extradition which arises when one state within the Union surrenders to another an alleged fugitive from its justice. There was simply an effort on the part of the United States to subject a citizen found within its territory to trial before one of its own courts. The locality in which an offense is charged to have been committed determines under the Constitution and laws the place and court of trial. And the question is, What steps are necessary to bring the alleged offender to that place and before that court?"

The law requires that the defendants be tried, not where they reside, but "where the crime shall have been committed," and the indictment in this case charges the crime to have been committed in the Northern district of Ohio, Eastern division, as well as in other places, and therefore these defendants are triable in the Northern district of Ohio, Eastern division.

And now, October 17, 1927, the motion of the defendants to quash the complaint and set aside the warrant and service thereof, is dismissed and the rule granted thereon is discharged; the motion of Andrew B. Dunsmore, United States attorney for the Middle district of Pennsylvania, asking the

court for an order of removal of defendants from the Middle district of Pennsylvania to the Northern district of Ohio, Eastern division, at Cleveland, Ohio, for trial is granted, and the United States attorney for the Middle district of Pennsylvania is directed to prepare the proper order of removal.