UNITED STATES ex rel. GREENBERG v. EPSTEIN, U. S. Com'r, et al.

SAME v. MOORE, U. S. Marshal.

District Court, E. D. New York. May 16, 1929.

Matthew Lilling, of New York City, for relator.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y., for respondents.

GALSTON, District Judge. The relator seeks by writs of habeas corpus and certiorari to secure her release from alleged unlawful detention, arising out of the following facts:

The relator was arrested in the county of Kings, borough of Brooklyn, New York City, in November, 1927, by the United States marshal for the Eastern District of New York, and arraigned on the affidavit of an assistant United States attorney for the Eastern District of New York. The affidavit set forth that the relator had committed a crime, in violation of section 29b of the Bankruptcy Law of the United States (11 USCA § 52(b). The relator was then released on bail. Thereafter, in December, 1927, in the United States District Court for the Northern District of New York, the relator was indicted for perjury. Subsequently, the relator was arrested and brought before Commissioner Wilson on a demand for the removal of the relator to the Northern District of New York for trial. On January 31, 1928, the said commissioner dismissed the proceedings before him, indorsing on the indictment the following memorandum:

"The indictment is prevailing and as the alleged perjury was had before a Referee in Bankruptcy under section 29b I find and decide that this indictment was had under testimony given in accordance with 29b Bankruptcy Act. The Statute of Limitations being one year, removal is hereby denied and proceedings dismissed."

Thereafter, in November, 1928, the relator was again arrested under the same indictment and arraigned before Martin C. Epstein, another United States commissioner for the Eastern District of New York. After a hearing held before the said Commissioner Epstein, the commissioner held the relator for action by the United States District Judge for removal to the Northern District of New York.

The relator contends that, the same facts having been presented before United States Commissioner Epstein as had been presented before United States Commissioner Wilson, the action of Commissioner Wilson is conclusive, and should not be made the subject of review by another commissioner, and cites as authority for such contention: United States ex rel. Silberstein v. Mathues (D. C.) 12 F.(2d) 787; In re Wood (D. C.) 95 F. 288; United States v. Haas (D. C.) 167 F. 211; Ex parte Gagliardi (D. C.) 284 F. 190; United States v. Yeung Chu Keng (D. C.) 140 F. 748.

■ Assuming for a moment that the relator correctly interprets the foregoing authorities, and that the second commissioner should give full faith and credit to the determination of the first commissioner on the same state of facts, it nevertheless appears that the dismissal by the first commissioner was based, not on the sufficiency of the indictment nor the nonidentity of the relator to the person named in the indictment, but upon a proposition of law that the statute of limitations was a valid defense to the indictment.

That should not have been a ground for dismissal of the proceedings. The only questions properly before the commissioner were whether the indictment fairly charged a violation of a criminal statute of the United States, and whether there was probable cause to believe that the relator had been guilty of such violation. Any defense not relating to the substance of either one of these two questions should have been rejected by the commissioner. See United States ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875.

The defense of the bar of the statute of limitations is available to the relator on trial in the court having jurisdiction. It cannot be entertained upon an application for a removal or extradition. Biddinger v. Commissioner of Police, 245 U. S. 128, 38 S. Ct. 41, 62 L. Ed. 193.

Commissioner Wilson, therefore, was in error in having dismissed the proceedings on the ground which he asserted. Indeed the learned commissioner was not right even in his statement of the period defined in the statute of limitations. The commissioner states the period to be one year, whereas, assuming the offense to have been under section 29b of the Bankruptcy Law, and not under section 125 of the Criminal Code of the United States (18 USCA § 231), he failed to note that section 29 of the Bankruptcy Act was amended on May 27, 1926 (see chapter 406, § 11, 44 Stat. 665; 11 USCA § 52(d), and became effective three months thereafter, to wit, August 27, 1926, changing the statute of limitations under such section from one year to three years. The offense charged in count 1 of the indictment was committed on October 8, 1926, after such amendment to the Bankruptcy Act became effective.

■ One must conclude, therefore, that, however persuasive a finding by one commissioner may be on the facts, the second commissioner of co-ordinate authority should certainly not be concluded by errors in law of the first commissioner.

Even as to the facts, on the authority of United States v. Levy, 268 U. S. 390, 45 S. Ct. 516, 69 L. Ed. 1010, it would seem that in

a removal proceeding the act of the first United States commissioner discharging a defendant for want of probable cause, while persuasive, is not controlling upon a like application made later in the same district to the District Judge.

Accordingly, the petitions are denied and the writs dismissed. A warrant may issue directing the marshal to take custody of the relator and forthwith to remove her to the United States District Court for the Northern District of New York.