**UNITED STATES ex rel. BURTAN v. MULLIGAN, Marshal.**

**No. 377.**

Circuit Court of Appeals. Second Circuit.
March 13, 1933.

Benjamin A. Hartstein, of New York City (Marcus Klein, Murray Hulbert, Louis Karasik, and Lazar Dworkin, all of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty., of New York City (Louis Mead Treadwell, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The appellant was indicted in the Northern district of Illinois for willfully, knowingly, and with intent to defraud, possessing counterfeit bills of the United States on December 10, 1932. He was arrested in the Southern district of New York and had a hearing before the United States commissioner, who directed his removal. At the hearing the government offered in evidence a certified copy of the indictment, found in the Illinois district, and called a witness who testified that he gave testimony before the federal grand jury in the Northern district of Illinois; that he knew the petitioner to be the person about whom he gave testimony. The identity of the appellant as the person named in the indictment is not disputed.

The witness testified that he received a message that the appellant was arriving in Chicago, and that he held two conferences with him and discussed the disposition of the money. The substance of the conversation was that the persons for whom the appellant was acting wanted 50 per cent. of the money realized from passing the bills; of the remainder, 30 per cent. was to go to the actual passers, and 20 per cent. was to be divided among the appellant, his associate, and the witness and his associates. The appellant assured the witness that the bills were genuine and that they were being disposed of because they were owned by bootleggers who, for some reason, did not exchange the bills in a legitimate way. The witness asked appellant how quickly he could deliver the money, and he replied within thirty minutes. At the end of the conference, the appellant stated to the witness that he would send one Von Buelow to the witness with the bills the following morning. The next morning Von Buelow brought the bills to the witness. The bills were established to be counterfeit. This, we think, fully established probable cause for the charge.

810

The order of removal was properly entered. U. S. ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875; U. S. ex rel. Povlin v. Hecht, 48 F.(2d) 90 (C. C. A. 2); U. S. ex rel. Scharlon v. Pulver, 54 F.(2d) 261 (C. C. A. 2).

The appellant had full opportunity to offer any proof that he might have of want of probable cause. Assuming that the appellant could have taken testimony in Mexico City as to the bills Von Buelow had in his possession there, it would have been immaterial on the question of probable cause.

The objections raised that the court failed to sign a warrant of commitment after his decision and that no return was filed by the Marshal to the writ of habeas corpus issued, have both been waived, and require no further consideration.

Order affirmed.