### UNITED STATES ex rel. KASSIN v. MULLIGAN, U. S. Marshal.*
### No. 182.

Circuit Court of Appeals, Second Circuit.
Nov. 5, 1934.

*Writ of certiorari granted 55 S. Ct. 351, 79 L. Ed. ——.

David P. Siegel, of New York City, for appellant.

Martin Conboy, U. S. Atty., of New York City (J. Randall Creel, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This appeal is from an order dismissing a writ of habeas corpus to review an order of removal of the relator from the Southern district of New York to stand trial in the district of Florida upon an indictment for conspiracy to embezzle from the Florida National Bank of Jacksonville, a member of one of the Federal Reserve Banks. The identity of the defendant is not disputed, and the only issue is whether there was probable cause. Upon the hearing before a commissioner, the prosecution put in evidence the indictment and nothing else except the evidence of identity. The relator replied with his own testimony and that of several other witnesses, designed to show that he was innocent. After some rebuttal by the prosecution, the commissioner determined that there was reasonable cause for the prosecution, and ordered the removal. We are now asked, after the District Judge has refused to do so, to go over the evidence ourselves and reach a contrary result. The first question is of the scope of our review, and with it we can stop. It is of course true that the indictment is not conclusive evidence on the issue of probable cause. Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689. The commissioner is bound to receive and consider all relevant evidence which the accused chooses to bring in; and no doubt his judgment must be his own, based upon all the evidence before him, though the indictment is necessarily hearsay. But we decided, after as careful consideration as we could give it, in U. S. ex rel. Scharlon v. Pulver (C. C. A.) 54 F.(2d) 261, that our review of his decision ends as soon as we are assured that he has honestly considered all the evidence presented to him. No matter how flagrantly mistaken he may be in the result, a court will go no further. To be sure that issue is not necessarily measured by the formal reception of all that the accused offers; we did not commit ourselves to the sufficiency of a mere ritual. The indictment may appear so overwhelmingly unjustified as to show that, though the commissioner has pretended to hear the defense, he has not really done so. Such cases will be very rare; this is certainly not one. We have several times since disposed of similar appeals by reference to that decision. U. S. ex rel. Kohl v. Mulligan (C. C. A.) 54 F.(2d) 1085; U. S. ex rel. Pugliese v. Pulver (C. C. A.) 61 F.(2d) 1044; U. S. ex rel. Frank v. Mulligan (C. C. A.) 66 F.(2d) 562. But the bar does not seem to understand that, regardless of what may be the doctrine elsewhere, we will go no further until the Supreme Court admonishes us that we have misread U. S. ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875. Such appeals are therefore ordinarily fruitless.

The relator raises a second point. On rebuttal the prosecution called witnesses to impeach two of the accused's witnesses by imputing to them statements contradictory to their testimony on the stand. The ground had not been prepared for this evidence by asking the impeached witnesses on cross-examination whether they had not so contradicted themselves. That was indeed a condition and made the testimony in rebuttal incompetent, especially as the prosecution apparently already knew the contradictions at the time of the cross-examination. Wigmore, § 1025. Thus the commissioner considered evidence which strictly he should not have heard. Nevertheless we are not disposed to require him to reconsider his decision. There is some authority for saying that in such proceedings the rules of evidence are slacker than in trials in court. U. S. v. Greene (D. C.) 108 F. 816, 819, 820; U. S. v. Kallas (D. C.) 272 F. 742,

749. And this is confirmed by the reasoning in U. S. ex rel. Hughes v. Gault, supra, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875, that, as the statute includes hearings before laymen, it cannot aim at more than informal justice, certainly not in full panoply of the common law. We are satisfied that it does not. In any case, the error here did not go to the very substance of the matter. Although it is true that the impeached witnesses'. own version may soften the starkness of the contradiction and leave their credit unimpaired or less impaired, there is no inherent reason, except convenience, why they should not make their explanation after the contradictions are received. The relator here made no such suggestion, but rested upon the error of law. That was not grave enough to upset the whole proceedings.

Order affirmed.