922

## TRAWCZYNSKI v. UNITED STATES.
### Nos. 6105, 6106.

Circuit Court of Appeals, Seventh Circuit.
May 4, 1937.

Jacob S. Rothstein, of Milwaukee, Wis., for appellant.

B. J. Husting, U. S. Atty., and L. Hugo Keller, Asst. U. S. Atty., both of Milwaukee, Wis., for the United States.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

Appellant with others was charged by indictment in the Western district of South Dakota with conspiracy to violate the Internal Revenue Laws of the United States. He was apprehended in the Eastern district of Wisconsin where appropriate removal proceedings were brought before a United States Commissioner. The government offered in evidence a certified copy of the indictment and the testimony of two witnesses on the question of the identification. Appellant specifically denied all the charges contained in the indictment and the testimony of other witnesses was offered which to some extent corroborated that of the defendant. The Commissioner allowed the petition for removal and committed appellant to the custody of the United States Marshal. Appellant thereupon sued out a writ of habeas corpus to test the validity of such commitment. The application for such writ, in so far as is here material, alleges that the proof before the Commissioner failed to establish probable cause that the defendant was guilty of the offense charged in the indictment. A hearing was had by the District Court, both upon the government's motion for an order of removal and the application for habeas corpus. The court allowed the motion for removal and vacated the writ. From both orders an appeal was perfected and the causes here consolidated. Appellee has moved for the dismissal of the appeal from the order of removal on the ground that such an order is not appealable. Counsel for appellant in oral argument concede that such motion should be allowed, and the appeal from the order of removal is therefore dismissed.

It is the contention of appellant that the District Judge in the habeas corpus proceedings refused to consider the testimony offered by appellant in the re-

moval proceedings, and that he erroneously proceeded on the theory that a case was established by the indictment in connection with proof of the identity of the accused. The record before us to some extent bears out this contention, although the record does disclose that appellant was permitted to testify in denial of the charge and to offer the testimony of other witnesses bearing upon the question of probable cause. Numerous authorities are cited as to the proper procedure under the removal statute. Without undertaking to review all of such authorities or distinguish between them, it seems to be the well-established law that the petitioner in such a proceeding establishes a prima facie case of probable cause by proof of an indictment which properly charges the defendant with the commission of a crime against the United States, together with proof of identity. It seems equally well settled that the defendant is entitled to offer any proof otherwise competent with a view of overcoming such prima facie case. On the whole, it is for the Commissioner, upon application for removal, and for the District Court, in an appropriate proceeding to determine from all the evidence whether probable cause has been shown. This appears to be the rule announced in Tinsley v. Treat, 205 U.S. 20, on page 29, 27 S.Ct. 430, 432, 51 L.Ed. 689, where the court said: "And it has been repeatedly held that in such cases the judge exercises something more than a mere ministerial function, involving no judicial discretion. He must look into the indictment to ascertain whether an offense against the United States is charged, find whether there was probable cause, and determine whether the court to which the accused is sought to be removed has jurisdiction of the same."

In the same opinion on page 32 of 205 U.S., 27 S.Ct. 430, 433, 51 L.Ed. 689, the court said: "Appellant was entitled to the judgment of the district judge as to the existence of probable cause on the evidence that might have been adduced, and even if the district judge had thereupon determined that probable cause existed, and such determination could not be revised on habeas corpus, it is nevertheless true that we have no such decision here, and the order of removal cannot be sustained in its absence. Nor can the exclusion of the evidence offered be treated as mere error, inasmuch as the ruling involved the denial of a right secured by statute under the Constitution."

Again in United States ex rel. Kassin v. Mulligan, 295 U.S. 396, on page 401, 55 S.Ct. 781, 783, 79 L.Ed. 1501, the court said: "He was entitled to introduce evidence to prove the absence of probable cause and to have the Commissioner judicially to consider it. We have held that exclusion of competent evidence is a denial of right given by section 1014 [18 U.S.C.A. § 591]. Tinsley v. Treat [205 U.S. 20, 27 S.Ct. 430, 51 L.Ed. 689]. Equally repugnant to the statute is refusal to consider evidence in favor of the accused. Arbitrary or capricious appraisal of evidence or disregard of facts indubitably established is in legal effect failure to consider, the equivalent of the exclusion that we have condemned, and denial of the right to be heard before removal."

Counsel for both sides, as well as the District Court, apparently proceeded in this matter on the theory that the Supreme Court in the case last quoted from construed the removal statute inconsistent with its former opinions and especially that of United States ex rel. Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875. This case, as we understand it, went direct from the District Court to the Supreme Court on a writ of certiorari, under a provision of the judicial code then existing, on the grounds that the defendant had been deprived of certain enumerated constitutional rights. The opinion deals with such rights only, and not rights provided by the removal statute, which are considered in cases which seem to be in conflict. The court in its opinion, page 149 of 271 U.S., 46 S.Ct. 459, 460, 70 L.Ed. 875, said:

"In Tinsley v. Treat, 205 U.S. 20, 33, 27 S.Ct. 430, 51 L.Ed. 689, the conclusion is not that the appellant by being denied the right to present any evidence was deprived of his rights under the Constitution, but that he was denied 'a right secured by statute under the Constitution.'

"As that instrument does not provide for bringing the accused into the power of the Court authorized to try him, a statute was necessary and is found in Rev. Stat. § 1014."

In the same opinion on page 152 of 271 U.S., 46 S.Ct. 459, 461, 70 L.Ed. 875, the court said: "But to recur to what we intimated at the beginning, the require-

ments of the statute, be they greater or less, are not requirements of the Constitution but only in aid of the Constitution, made, in rather a remote sense, 'in order that any one accused shall not be deprived of this constitutional right' to be tried in the District wherein the crime shall have been committed. [Tinsley v. Treat], 205 U.S. [20], 32, 27 S.Ct. 430 [51 L.Ed. 689]. A statement in Harlan v. McGourin, 218 U.S. 442, 447, 31 S. Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849, that Tinsley v. Treat held the exclusion of evidence to be a denial of a right secured under the Federal Constitution is inaccurate as we have shown. The relator's contention that he has been deprived of constitutional rights fails."

It therefore seems apparent the Supreme Court in United States ex rel. Kassin v. Mulligan, supra, Tinsley v. Treat, supra and other similar cases was construing the rights of the defendant under the removal statute, while in U. S. ex rel. Hughes v. Gault, supra rights of the defendant under the Constitution, and irrespective of statutory provision. In the instant case the certified copy of the indictment with the identity of the defendant made a prima facie case of probable cause. The detailed denial of the defendant of the charges contained in the indictment amounted to nothing more than a plea of "not guilty." The testimony of witnesses, which it is claimed corroborate the defendant, could all be true and have very little bearing, if any, upon the issue before the court on a charge of conspiracy. While there seemed to be some confusion in the mind of court and counsel as to the proper procedure, yet, as heretofore pointed out, all competent evidence offered by the defendant was admitted.

We think it is the duty of this court to assume that the District Court considered all such evidence, and especially is this true in view of a provision in the stipulation entered into by counsel for the government and defendant: "The evidence offered in the removal proceedings was identically the same that was offered before the United States commissioner and fully considered by the District Court in arriving at its decision in the habeas corpus proceeding."

We reach the conclusion, therefore, that the District Judge did consider all the testimony offered and made a judicial determination that the necessary probable cause existed, and was justified in vacating the writ of habeas corpus. The order of the District Court is affirmed.