**UNITED STATES ex rel. MACEO v. HAMMOND, U. S. Marshal.**

**No. 8777.**

Circuit Court of Appeals, Fifth Circuit.
July 22, 1938.

Louis J. Dibrell, of Galveston, Tex., for appellant.

188

Douglas W. McGregor, U. S. Atty., and George O'Brien John, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

On September 29, 1937, by indictment in the United States District Court for the Southern District of New York, the appellant and 73 other persons were charged with the crime of conspiracy to import, possess, conceal, transport, and sell narcotic drugs. After appearing before a United States Commissioner at Galveston, Texas, and being given a full hearing, the relator was committed to the custody of appellee to await an order of removal to the Southern District of New York. Thereupon he applied for a writ of habeas corpus upon the grounds that he was innocent of the crime charged in the indictment, and that there was no probable cause to believe him guilty thereof.

After a hearing, the district court denied the relator his discharge, and remanded him to the custody of appellee to await removal, as aforesaid. The principal contention of appellant is that he is innocent of the charge and should not be transported so great a distance for trial. He claims that the evidence before the commissioner rebutted the presumption of probable cause of his guilt arising from the finding of the indictment. The court below was of opinion that the evidence offered by relator was not sufficient to overcome this presumption.

Upon the trial of the issues presented by the petition for a writ of habeas corpus, the appellant placed upon the stand four witnesses besides himself. None of them testified to anything to support the allegations in the petition. The appellant was the best witness in his behalf. He testified to very little in addition to denying all connection with the conspiracy and denying his identity as one of the defendants named in the indictment. On cross-examination, he declined to answer many questions regarding his various occupations and the sources of his income during the period covered by the indictment.

■ Aside from the incompetent evidence of the witness Ruppolo, one of the defendants named in the indictment, who was called to the stand by the relator probably by mistake, we find very little in the evidence, except the indictment, tending to establish either probable cause or the lack of it. The indictment is not evidence of the facts it alleges; but it establishes probable cause and authorizes removal for trial, in the absence of evidence requiring a finding that there is no ground for the prosecution.

■ The indictment is evidence of probable cause for the reason that it was returned by a grand jury whose duty it was to decide, after hearing in secret the preliminary evidence, whether the Government should accuse relator of the crime and hold him for trial. Under federal practice, the grand jury consists of not less than sixteen nor more than twenty-three qualified persons. Whatever the number, twelve members thereof must agree upon the indictment; and they are presumed to have done so in this instance. The grand jury which indicted him is presumed to have found from the evidence before them that there was probable cause to believe him guilty of the offense. It is the duty of the court to which removal is sought to put him to trial before a petit jury, unless the indictment is dismissed for want of prosecution or other sufficient cause.

■ A cherished gift from England, the grand jury is one of our oldest institutions. It has always been regarded as a bulwark of protection to the citizen against unwarranted prosecution. This right of security against being "held to answer for a capital or other infamous crime unless on a presentment or indictment of a grand jury" is preserved in the Fifth Amendment of the federal constitution. The jurors act under oath, and their finding of probable cause for bringing the accused to trial is prima facie correct. Upon a hearing for removal, or in a habeas-corpus proceeding, the defendant has the right to introduce evidence to overcome this presumption; but questions as to the regularity of the organization of the grand jury which indicted him, the conduct of such jurors, the evidence presented to them, and technical objections to the indictment itself are reserved for the court having jurisdiction of the offense charged in the indictment. They are not proper subjects of inquiry by the committing magistrate or by the court in habeas-corpus proceedings. This is also true as to disputed questions of law and doubtful issues of fact. The order of removal establishes nothing except that the accused may be brought to trial. To avoid needless delays, the statute (18 U.S.C.A. § 591) is to

be construed very favorably to the Government's application for removal.

Aside from the question of identity, which seems to us to be clearly established, the evidence in this case, when boiled down, consists of the indictment on the one hand, and the relator's general denial on the other. The Government has shown nothing, except the indictment, to establish probable cause; and the relator has introduced no testimony, except his own, to overcome the inference to be drawn from the return of the indictment by a grand jury. The relator's testimony was not full and frank enough to convince either the committing magistrate or the court below of lack of probable cause. Neither does it convince us. A certain latitude of judgment must be allowed the commissioner who ordered the relator held for removal. Respectful consideration is due the conclusion of the district judge who found that the evidence was not sufficient to overcome the presumption of probable cause raised by the indictment. In view of the proof submitted, without rebuttal, we think removal is not only authorized but required. This is true even though there is no evidence in the record to support a verdict of guilty against appellant. The issue at this time is not whether the accused is guilty but whether there is probable cause to bring him to trial on the indictment to determine his guilt. U. S. ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501; U. S. ex rel. Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875; Morse v. United States, 267 U.S. 80, 45 S.Ct. 209, 69 L.Ed. 522; Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940; Haas v. Henkel, 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569, 17 Ann.Cas. 1112; Hyde v. Shine, 199 U.S. 62, 25 S.Ct. 760, 50 L.Ed. 90; Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950; Smith v. United States, 9 Cir., 92 F.2d 460; Seeman v. United States, 5 Cir., 90 F.2d 88; Hamilton v. United States, 5 Cir., 90 F.2d 996; Trawczynski v. United States, 7 Cir., 89 F.2d 922; Ross v. Toombs, 5 Cir., 68 F.2d 154; United States v. Wood, 5 Cir., 26 F.2d 908; U. S. ex rel. McGrath v. Mathues, D.C., 6 F.2d 149.

After this case was submitted and our conclusions reached, Congress has passed an act affecting such appeals as the present one which may operate to deprive this court of jurisdiction. If this is its effect, the appeal should be dismissed; but, since in any event the judgment of the lower court will stand, we think it unnecessary to rule on the point. Therefore, the judgment of the district court is

Affirmed.